Samuel R. Watkins, Esq. (State Bar No. 272162)
swatkins@tocounsel.com
THEODORA ORINGHER PC
10880 Wilshire Boulevard, Suite 1700
Los Angeles, California 90024-4101
Telephone: (310) 557-2009
Facsimile: (310) 551-0283

Attorneys for Plaintiffs Coach, Inc. and
Coach Services, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

COACH, INC., a Maryland Corporation; and COACH SERVICES, INC., a Maryland Corporation,

Plaintiffs,

vs.

CELCO CUSTOMS SERVICE CO.; a California Corporation; and DOES ONE through TEN, inclusive,

Defendants.

Case No. CV11 - 10787 MPP (FMOx)

**COMPLAINT FOR:**

(I)      LANHAM ACT – § 32 (15 U.S.C. § 1114);
(II)      LANHAM ACT – § 43(a) (15 U.S.C. § 1125(a));
(III)      LANHAM ACT – § 42 (15 U.S.C. § 1124);
(IV)      TARIFF ACT – § 526 (19 U.S.C. § 1526(a));
(V)      STATUTORY UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200 et seq.); and
(VI)      COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

Plaintiffs Coach, Inc. and Coach Services, Inc. ("Plaintiffs" or "Coach") for their Complaint against Defendant Celco Customs Service Co. ("Celco"), and Does One through Ten, inclusive (collectively "Defendants"), respectfully allege as follows:

849449.1/02676.99001

1

*COMPLAINT*

**NATURE OF THE ACTION**

1.      This is an action for:  (i) infringement of registered trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) unlawful importation of goods bearing infringing trademarks in violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124; (iv) unlawful importation of goods bearing registered United States trademarks in violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a); (v) statutory unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*; (vii) unfair competition in violation of the common law of the State of California.

2.      As described more fully herein, Defendants have imported, distributed, offered for sale, and/or sold commercial quantities of goods bearing counterfeit versions of one or more federally-registered trademarks owned by Coach.  Defendants' conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception as well as irreparable injury to Coach.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this action pursuant to:  (i) 28 U.S.C. §§ 1331 and 1338(a) and (b), 15 U.S.C. § 1121, as an action for violation of the federal Lanham Act, and 19 U.S.C. § 1526(a) as a violation of the federal Tariff Act; and (ii) 28 U.S.C. § 1367(a), pursuant to the principles of supplemental jurisdiction.

4.      Coach is informed, believes, and thereupon alleges that venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

**THE PARTIES**

5.      Plaintiff Coach, Inc. is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.

6.      Plaintiff Coach Services, Inc., a wholly-owned subsidiary of Coach, Inc., is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business in Jacksonville, Florida.

7.      Defendant Celco Customs Service Co. is a corporation organized and existing under the laws of the State of California, with its principal place of business at 9660 Flair Drive, Suite 226, El Monte, California 91731.

8.      Coach does not know the true names and capacities of the Defendants sued herein as Does One through Ten, inclusive, and therefore sues these Defendants by fictitious names. Does One through Ten conspired with Celco to import and distribute goods bearing counterfeit versions of one or more federally-registered trademarks owned by Coach. Coach will amend this Complaint to allege the true names and capacities of these Defendants when it ascertains the same. Coach is informed and believes, and thereon alleges, that Does One through Ten, inclusive, are responsible in some manner for the occurrences herein alleged and that damages as herein alleged were proximately caused by their acts. Wherever the term "Defendants" is used herein, it includes Does One through Ten, inclusive.

9.      Coach is informed and believes, and thereon alleges, that at all relevant times Does One through Ten (and each of them) were the agents and employees of the other Defendants, and in doing the acts mentioned below were acting within the scope of their authority as such agents and employees, and with the permission and consent of the other Defendants. Coach further alleges that the Defendants (and each of them) are responsible in some manner for the acts and omissions alleged in the claims set forth below, and that Plaintiffs' damages, both existing and prospective, are, were, and will be proximately caused by the acts and omissions of the Defendants.

## FACTS GIVING RISE TO THIS ACTION

### *The Infringed Trademarks*

10.     Coach was founded more than seventy years ago as a family-run workshop in Manhattan. Since then Coach has been engaged in the design, marketing and sale of

fine leather and mixed material products including handbags, wallets, accessories, eyewear, footwear, jewelry and watches. Coach sells its goods through its own specialty retail stores, department stores, catalogs and via the Internet website at www.coach.com throughout the United States.

11. Coach is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components (collectively, the "Coach Marks"). The Coach Marks include, but are not limited to, the following marks:

| Registration No. | Mark | Registration Date | Image |
|---|---|---|---|
| 2,088,706 | COACH | September 19, 1997 | COACH |
| 3,157,972 | COACH | October 17, 2006 | COACH |
| 0,751,493 | COACH | June 23, 1963 | COACH |
| 2,451,168 | COACH | May 15, 2001 | COACH |
| 2,537,004 | COACH | February 5, 2002 | COACH |
| 1,846,801 | COACH | July 26, 1994 | COACH |
| 3,439,871 | COACH | June 3, 2008 | COACH |
| 2,061,826 | COACH | May 13, 1997 | COACH |
| 2,231,001 | COACH | March 9, 1999 | COACH |
| 2,836,172 | COACH | April 27, 2004 | COACH |

| Registration No. | Mark | Registration Date | Image |
|---|---|---|---|
| 2,939,127 | COACH | April 12, 2005 | COACH |
| 3,354,448 | COACH | December 11, 2007 | COACH |
| 2,579,358 | COACH | June 6, 2002 | COACH |
| 2,074,972 | COACH | July 1, 1997 | COACH |
| 2,446,607 | COACH | April 24, 2001 | COACH |
| 2,291,341 | COACH | November 9, 1999 | COACH |
| 1,071,000 | COACH | August 9, 1977 | COACH |
| 3,633,302 | COACH | June 2, 2009 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | November 9, 1999 | COACH |

| Registration No. | Mark | Registration Date | Image |
|---|---|---|---|
| 2,666,744 | COACH & LOZENGE DESIGN | December 24, 2002 | |
| 2,534,429 | COACH & LOZENGE DESIGN | January 29, 2002 | |
| 2,169,808 | COACH & LOZENGE DESIGN | June 30, 1998 | |
| 2,045,676 | COACH & LOZENGE DESIGN | March 18, 1997 | |
| 1,070,999 | COACH & LOZENGE DESIGN | August 9, 1977 | |
| 1,309,779 | COACH & LOZENGE DESIGN | December 19, 1984 | |
| 2,035,056 | COACH & LOZENGE DESIGN | February 4, 1997 | |
| 2,983,654 | COACH & LOZENGE DESIGN | August 9, 2005 | |
| 2,626,565 | CC & DESIGN (Signature C) | September 24, 2002 | |
| 2,822,318 | CC & DESIGN (Signature C) | March 16, 2004 | |
| 2,832,589 | CC & DESIGN (Signature C) | April 13, 2004 | |

| Registration No. | Mark | Registration Date | Image |
|---|---|---|---|
| 2,832,740 | CC & DESIGN (Signature C) | April 13, 2004 | |
| 2,592,963 | CC & DESIGN (Signature C) | July 9, 2002 | |
| 2,822,629 | CC & DESIGN (Signature C) | March 16, 2004 | |
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | November 8, 2005 | |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | March 11, 2008 | |
| 3,696,470 | COACH OP ART & Design | October 13, 2009 | |
| 3,251,315 | COACH EST. 1941 | June 12, 2007 | |
| 3,413,536 | COACH EST. 1941 STYLIZED | April 15, 2008 | |

| Registration No. | Mark | Registration Date | Image |
|---|---|---|---|
| 3,441,671 | COACH LEATHERWARE EST. 1941 | June 3, 2008 |  |
| 3,072,459 | CL STYLIZED | March 28, 2006 |  |
| 3,187,894 | CL STYLIZED | December 12, 2006 |  |
| 1,664,527 | THE COACH FACTORY STORE & LOZENGE DESIGN | November 12, 1991 |  |
| 3,338,048 | COACH STYLIZED | November 11, 2007 |  |
| 3,149,330 | C & LOZENGE LOGO | September 26, 2006 |  |
| 2,162,303 | COACH & TAG DESIGN | June 2, 1998 |  |
| 2,088,707 | COACH & TAG DESIGN | August 19, 1997 |  |

12.     Coach has long been marketing and selling in interstate commerce high quality leather and mixed material products under the Coach Marks.   These registrations are valid and subsisting and many are incontestable pursuant to 15 U.S.C. § 1065.  Through longstanding use, advertising, and registration, the Coach Marks have achieved a high degree of consumer recognition and constitute famous marks.

13.     Coach and its predecessors have continuously used the Coach Marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of its goods for four decades.

14.     The Coach Marks are highly recognized by the public and serve to identify the source of the goods as Coach.

15.     Coach has achieved sales volumes of over three billion dollars annually and has spent hundreds of millions of dollars in advertising, promoting, and marketing goods bearing the Coach Marks.  As such, the Coach Marks and the goodwill associated therewith are valuable assets of Coach.

16.     Due to Coach and its predecessors' long use, extensive sales, and significant advertising and promotional activities, the Coach Marks have achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.  The arbitrary and distinctive Coach Marks identify Coach as the source/origin of the goods on which they appear.

17.     Coach has filed and recorded copies of the registration certificates of its Coach Marks with the U.S. Bureau of Customs and Border Protection ("CBP") in accordance with Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a), and Section 42 of the Lanham Act, 15 U.S.C. § 1124.

*Defendants' Importation of Infringing Goods*

18.     CBP inspects some of the merchandise imported into the United States.  As a result of one such inspection on or about July 24, 2009, CBP discovered that a shipment imported into the Port of Los Angeles contained a commercial quantity of counterfeit handbags bearing spurious marks that were either identical with or substantially indistinguishable from one or more of the Coach Marks.

19.     In September 2009, CBP provided Coach with a Notice of Seizure of Infringing Merchandise (No. 2009-2704-001104) ("Notice of Seizure") naming "Pierce Biotechnologies, Inc.," as the party that imported 22,040 handbags and 10,300 wallets that infringed one or more of the Coach Marks.  According to the Notice of Seizure, the

1 counterfeit handbags and wallets had been exported from China, and entered the United
2 States at the Port of Los Angeles on or about July 24, 2009. A true and correct copy of
3 the Notice of Seizure is attached hereto as Exhibit 1.

4     20.    Celco provides Customs brokerage services to importers. In that capacity,
5 one or more individuals at Celco must be Customs brokers licensed by CBP. Customs
6 brokers are authorized by law and regulation to formally enter goods into the United
7 States on behalf of importers, whether they be individuals or business entities.

8     21.    Celco is the Customs brokerage that formally entered the counterfeit
9 COACH brand goods that had been imported in the name of "Pierce Biotechnologies,
10 Inc." and that had been seized by CBP.

11     22.    Pierce Biotechnologies, Inc. ("Pierce") is a subsidiary of Thermo Fisher
12 Scientific, Inc. ("Thermo Fisher"), and has its principal place of business at 3747 North
13 Meridian Road, Rockford, Illinois 61105. According to Pierce's website at
14 http://www.piercenet.com/browse.cfm?fldID=BADD314A-5056-8A76-4E05-
15 DAA72F335BC2,

> Pierce Protein Research Products are the cornerstone of the
> proteomics portfolio for Thermo Fisher Scientific. We
> offer kits, reagents and services that enable researchers to
> identify and understand proteins. The proteomics unit is
> headquartered in Rockford, Illinois, where our ISO 9001
> certified facilities comprise 185,000 square feet on 29.4
> acres, which includes 41,000 square feet of distribution and
> shipping space and 23,000 square feet of research and
> development space. In addition to our Rockford site, we
> have service-based sites in Ulm, Germany (custom
> oligopeptides); Huntsville, Alabama (custom antibodies);
> and distribution centers in Belgium, Japan, China, Hong
> Kong and Australia.
>
> We offer more than 40,000 products to customers located
> in 65 countries. Life scientists and other researchers look
> to us for innovative, high-quality products, which include
> chemiluminescent and colorimetric substrates; assay
> reagents; sample-handling products; coated microplates;

crosslinking reagents; fluorescent labels and probes; reducing agents; and immobilized affinity ligands. Additionally, major diagnostic, pharmaceutical and biotechnology companies rely on us for bulk chemicals, reagents and coated microplates.

23.     Also according to Pierce's website at http://www.piercenet.com/browse.cfm?fldID=78C0D45B-A2D3-11D5-9E2A-00508BD9167A, Pierce's e-mail address is pierce.cs@thermofisher.com, its telephone number is 1-800-874-3723, and its fax number is 1-800-842-5007.

24.     Pierce is not in the business of importing counterfeit COACH brand handbags and wallets. Pierce was a victim of identity theft perpetrated by Defendants who used Pierce's name, address, and Taxpayer Identification Number in an attempt to conceal their involvement in an illegal scheme to import counterfeit goods into the United States.

25.     Before a licensed Customs broker may formally enter goods on behalf of an importer, the Customs broker must first obtain a Customs Broker Power of Attorney ("POA") from the importer. Customs brokers are free to prepare their own versions of a POA, but it must contain, at a minimum, the terms set forth in the "Customs Power of Attorney," Customs Form 5291, a copy of which is attached hereto as Exhibit 2.

26.     According to the terms of Customs Form 5291, a POA permits a Customs broker to, among other things, "make, endorse, sign, declare, or swear to any entry, withdrawal, declaration, certificate, bill of lading, carnet or other document required by law or regulation in connection with the importation, transportation, or exportation of any merchandise shipped or consigned by or to said grantor; to perform any act or condition which may be required by law or regulation in connection with such merchandise; [and] to receive any merchandise deliverable to said grantor."

27.     Because Customs brokers may exercise such broad powers on behalf of importers, federal law and regulations require that Customs brokers accept only valid POAs from their importing clients. This requirement was specifically implemented by

1    Congress and CBP to prevent the importation of counterfeit goods by individuals who
2    use fraudulent and/or stolen identities when executing a POA.

3        28.    On April 20, 2005, CBP issued Administrative Message 05-0441 to all
4    users of CBP's Automated Commercial System ("ACS").  Users access the ACS via
5    the Automated Broker Interface ("ABI"), the electronic portal by which Customs
6    brokers file entry papers and otherwise communicate with CBP.  Celco is an ACS/ABI
7    user and accesses the ACS/ABI via NetCBH, a commercially-available, web-based
8    portal.  On information and belief, Celco received a copy of Administrative Message
9    05-0441 via the ACS/ABI.

10       29.    Administrative Message 05-0441, a copy of which is attached hereto as
11   Exhibit 3, contained guidance from CBP directed to Customs brokers on the issue of
12   "Validating the Power of Attorney."  As stated in Administrative Message 05-0441,

> Because the POA can authorize the movement of
> conveyances and merchandise into the United States, it is
> critical that it be examined carefully.  By ensuring that each
> POA is valid, the broker joins Customs and Border
> Protection on the national security frontlines in verifying
> the data used to screen what enters this country.
>
> In addition to security, the broker's own professional
> business interests and continuing obligation to demonstrate
> "reasonable care" require verification of the POA grantor's
> identity and legal authority (position in a company or
> partnership) to enter into a POA.
>
> Here are some ways the broker can validate a power of
> attorney.
>
> - To the greatest extent possible, have POAs completed in
> person so the grantor's personal identification (driver's
> license, passport, etc.) can be reviewed.
>
> - Check applicable web sites to verify the POA grantor's
> business and registration with state authorities.

THEODORA ORINGHER
COUNSELORS AT LAW

1    - If the principal uses a trade or fictitious name in doing business, confirm that the name appears on the POA.

2

3    - Verify that the importer's name, importer number and employer identification number (also known as the federal tax identification number) on the POA match what is in ACS.

4

5

6    30.    The very same guidance that is contained in Administrative Message 05-

7    0441    was    also    posted    on    CBP's    website    at

8    http://www.cbp.gov/xp/cgov/trade/trade_programs/broker/validating_poa.xml, where it

9    remains to this day. A copy of the screenshot of this webpage is attached hereto as

10   Exhibit 4.

11    31.    The foregoing guidance to Custom brokers is rooted in federal law and

12   regulation, as is recognized by the U.S. Department of Justice. In the case of *Nike, Inc.*

13   *v. Cathy Chiu Lam CHB et al.*, CV-10-1163 (Weinstein, J.) (Levy, M.J.), pending in the

14   United States District Court for the Eastern District of New York, Ms. Lorretta E.

15   Lynch, U.S. Attorney for the Eastern District of New York, filed a letter with the court

16   at the request of Judge Weinstein that explained the obligations of Customs brokers to

17   validate POAs. A copy of that letter is attached hereto as Exhibit 5.

18    32.    In her letter, Ms. Lynch explained that,

19    A customs broker is required to exercise "responsible supervision and control" over an import or export transaction. 19 C.F.R. § 111.28(a). ... A customs broker, prior to engaging in an import or export transaction, must obtain a valid power of attorney from a principal. 19 C.F.R. § 141.46. As part of his or her obligation to exercise "responsible supervision and control," the customs broker must exercise reasonable care to ensure that the power of attorney in his or her possession is valid. Customs and Border Protection ("CBP") has published on its website guidance to brokers, which lists the methods by which brokers may validate a power of attorney.

20

21

22

23

24

25

26

27

28

849449.1/02676.99001

13

*COMPLAINT*

33.    At the time Celco filed entry papers for the counterfeit COACH brand goods that were seized by CBP, Celco was well aware of its legal obligation to validate the POA that purportedly authorized Celco to enter those goods on behalf of Pierce.

34.    That POA, a copy of which is attached hereto as Exhibit 6, purportedly was executed by a Robert Laurance, Vice President of Pierce Chemical Company, located at 3747 North Meridian Road, Rockford, Illinois 61105, and having a Taxpayer Identification Number of 36-2548893.   This POA was fraudulently executed and invalid, a fact that Celco knew or had reason to know.

35.    There is no Pierce Chemical Company located at 3747 North Meridian Road, Rockford, Illinois 61105.   That address belongs to Pierce Biotechnologies, Inc., the entity named by CBP on the Notice of Seizure.   Taxpayer Identification Number 36-2548893 does not belong to Pierce Chemical Company; it belongs to Pierce Biotechnologies, Inc.   There is no such person as Robert Laurance working at Pierce Biotechnologies, Inc., much less a Vice President by that name.

36.    The POA was not obtained by Celco directly from "Robert Laurance," whoever he really is.   Instead, the POA was first obtained by a freight forwarder, Eastern Direct Systems, Inc. ("Eastern Direct") located in Springfield Garden, New York, which then sent a copy of the POA to Celco in California.   All correspondence between Celco and "Robert Laurance" related to the seized shipment was shuttled through Eastern Direct.   Celco never had any direct contact with "Robert Laurance."

37.    At no time did Celco require "Robert Laurance" to provide (a) proof of his identity, *e.g.*, driver's license or passport, (b) proof that the Pierce Chemical Company actually existed at the address listed on the POA, (c) proof that he was a vice president of that company, or (d) proof that he had authority to import goods on behalf of that company, all of which violates one of the four methods for validating POAs set forth in Administrative Message 05-0441.

38.    All entries of goods into the United States are made subject to a bonding requirement intended to ensure that proper customs duties are paid to the United States.

1  Customs brokers are responsible for ensuring that this bonding requirement is met by
2  their importing clients before filing entry papers.   In this case, Celco queried the
3  ACS/ABI system using Pierce Chemical Company's purported Taxpayer Identification
4  Number 36-2548893 to determine if a bond was already in place.  When Celco made
5  that inquiry, the ACS/ABI system reported that a $50,000 continuous bond, as opposed
6  to a single use bond, had been in place for this Taxpayer Identification Number since
7  October 2, 2005.

8        39.    The ACS/ABI system also reported that Taxpayer Identification Number
9  36-2548893 belonged to *Pierce Biotechnologies, Inc.* and not to *Pierce Chemical
10 Company*.   In other words, the importer's name on the POA did not match the
11 importer's name in the ACS, a fact that violates another of the four methods for
12 validating POAs set forth in Administrative Message 05-0441.  This mismatch of
13 names on the POA and in the ACS is a *per se* example of an invalid POA.  Certainly,
14 any corporate vice president would know the name of the company for which he or she
15 works.

16       40.    Based on the bond information obtained from the ACS/ABI system, Celco
17 knew that Pierce Biotechnologies, Inc., the true owner of Taxpayer Identification
18 Number 36-2548893, had been importing goods into the United States for a period of
19 years using the services of another Customs broker and thus had no need for Celco's
20 services on this particular shipment.  Undeterred, Celco willfully ignored this red flag
21 showing that the POA was fraudulent and proceeded to enter the counterfeit COACH
22 brand goods.

23       41.    Despite knowing that "Robert Laurance" and "Pierce Chemical Company"
24 were fraudulent entities, Celco willfully accepted a commercial invoice, packing list,
25 and bill of lading from them via Eastern Direct and, based on these documents, filed
26 Customs forms 7501 and 3461 with CBP.  Copies of the commercial invoice, packing
27 list, bill of lading, and Customs forms are attached hereto as Exhibit 7.

28

THEODORA ORINGHER
COUNSELORS AT LAW

42.    These documents list "Pierce Chemical Company" as the importer of the goods and further list the company's telephone number as 815-556-7634, fax number as 815-425-0637, and e-mail address as PIERCECHEMICAL@HOTMAIL.COM.  The foregoing telephone number, fax number, and e-mail address do not belong to Pierce, as simple resort by Celco to Pierce's website would have confirmed, all of which violates yet another of the four methods for validating POAs set forth in Administrative Message 05-0441.

43.    Celco listed "Pierce Biotechnologies, Inc." as the importer of record in box number 26 of Customs form 7501 because that name must match Taxpayer Identification Number 36-2548893 listed by Celco in box number 23 of that same form.  Had Celco listed "Pierce Chemical Company" in box 26 – as their putative client was identified on the POA, commercial invoice, packing list, and bill of lading – the discrepancy would have sent a red flag to CBP that something was amiss with this shipment.

44.    Based on these facts, it is clear that Celco either knew or had reason to know that the POA purportedly executed by "Robert Laurance" on behalf of "Pierce Chemical Company" was fraudulent.  Celco also knew or had reason to know that the true importer of the goods was not Pierce Biotechnologies, Inc., but was some other individual yet to be identified by Coach.

45.    At the request of Coach, in July and August 2011, in-house counsel for Pierce sent two letter requests via certified mail to Celco for records related to the seized shipment of COACH brand goods entered in Pierce's name.  As Celco's putative client, Pierce had every legal right to request and receive copies of those records from Celco.  The first letter request was accepted by Celco, opened and reviewed, then put back into the envelope, taped closed, and returned to the U.S. postal service as having been refused by the addressee.  The second request was simply refused by Celco.  In neither case did Celco provide Pierce with an explanation why its requests for records were refused.

46.    By refusing to produce the requested documents to Pierce, Celco concedes that Pierce was not really Celco's client and that Celco knowingly and intentionally facilitated the importation of counterfeit Coach brand goods fraudulently using Pierce's name on the entry documents.

47.    Upon information and belief, Defendants arranged for and imported the shipment referenced in the Notice of Seizure in connection with their coordinated and ongoing efforts to import, sell, offer for sale, and/or distribute counterfeit COACH brand goods, thereby intentionally and knowingly infringing the Coach Marks.

***The Likelihood of Confusion and Injury Caused by Defendants' Actions***

48.    Upon information and belief, Defendants are engaged in and/or otherwise involved in facilitating the ongoing and unrestrained commercial importation of counterfeit COACH brand goods into the United States.  As a result of Defendants' actions, Coach is suffering a loss of the enormous goodwill and value created in the Coach Marks, and/or may suffer such loss if Defendants are allowed to continue their illegal activity.

49.    The COACH brand goods imported by Defendants are counterfeit.  Those goods are not the same as genuine goods manufactured and sold by Coach under the Coach Marks.  As such, consumers who unknowingly purchase counterfeit COACH brand goods are likely to be confused and/or disappointed by obtaining counterfeit goods when they intended to purchase genuine COACH brand goods.  In addition, the sale of counterfeit COACH brand goods is likely to cause confusion among consumers regarding Coach's sponsorship or approval of the counterfeit goods.  As a result of Defendants' actions, Coach is suffering a loss of the enormous goodwill Coach created in its COACH brand products and is losing sales of genuine goods.

50.    Defendants are likely to continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, thereby causing Coach irreparable harm.

1

## FIRST CLAIM FOR RELIEF

2
3

(For Infringement of Registered Trademarks in Violation of Section 32(1)

of the Lanham Act, 15 U.S.C. § 1114(1))

4       51.     Coach specifically realleges and incorporates herein by reference each and
5  every allegation contained in Paragraphs 1 through 50 hereof.

6       52.     The acts of Defendants alleged herein constitute the use in commerce,
7  without the consent of Coach, of a reproduction, counterfeit, copy, or colorable
8  imitation of one or more of the Coach Marks in connection with the sale, offering for
9  sale, distribution, or advertising of goods, which use is likely to cause confusion or
10 mistake, or to deceive consumers and therefore infringe Coach's rights in one or more
11 of the Coach Marks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §
12 1114(1).

13      53.     Defendants' use of the infringing marks was willful, intentional, and done
14 with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of
15 the Lanham Act, 15 U.S.C. § 1116(d).

16      54.     Defendants' acts entitle Coach to damages for all of Defendants' profits
17 derived from their past unlawful conduct, trebled, to the full extent provided under
18 Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the
19 alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C.
20 § 1117(c).

21      55.     Coach has no adequate remedy at law for the foregoing wrongful conduct.
22 Coach has been, and absent injunctive relief will continue to be, irreparably harmed by
23 Defendants' actions.

24

## SECOND CLAIM FOR RELIEF

25

(For False Designation of Origin and Trademark and Trade Dress Infringement in

26

Violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))

27      56.     Coach specifically realleges and incorporates herein by reference each and
28 every allegation contained in Paragraphs 1 through 55 hereof.

57.   The acts of Defendants alleged herein constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).  These acts of Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Coach, or as to the origin, sponsorship, or approval of the counterfeit goods by Coach.

58.   Defendants' use of infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

59.   Defendants' acts entitle Coach to damages for all of Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

60.   Coach has no adequate remedy at law for the foregoing wrongful conduct. Coach has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

### THIRD CLAIM FOR RELIEF

(For Unlawful Importation of Goods Bearing Infringing Marks in Violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124)

61.   Coach specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 60 hereof.

62.   Defendants' acts alleged herein constitute the importation of merchandise which bears copies or simulations of the federally registered Coach Marks in violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124.

63.     Defendants' use of the infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

64.     Defendants' acts entitle Coach to damages for all of Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

65.     Coach has no adequate remedy at law for the foregoing wrongful conduct. Coach has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## FOURTH CLAIM FOR RELIEF

(For Unlawful Importation of Goods Bearing Registered United States Trademarks in Violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a))

66.     Coach specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 65 hereof.

67.     Defendants' acts alleged herein constitute the importation of merchandise which bears imitations of the Coach Marks without Coach's consent, in violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a).

68.     Defendants' use of the infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

69.     Defendants' acts entitle Coach to damages for all of Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

70.     Coach has no adequate remedy at law for the foregoing wrongful conduct. Coach has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## FIFTH CLAIM FOR RELIEF

(For Violation of the California Unfair Business Practices Act,

Cal. Bus & Prof. Code § 17200 *et seq.*)

71.     Coach specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 70 hereof.

72.     Defendants' conduct, as alleged above, constitutes unfair competition under Cal. Bus. & Prof. Code § 17200 *et seq.*  These acts of Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Coach, or as to the origin, sponsorship, or approval of goods sold by Coach.

73.     Defendants' acts entitle Coach to general and special damages for all of Defendants' profits derived from their past unlawful conduct to the full extent provided for by Cal. Bus. & Prof. Code § 17200 *et seq.*

74.     Coach has no adequate remedy at law for the foregoing wrongful conduct. Coach has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## SIXTH CLAIM FOR RELIEF

(For Unfair Competition in Violation of California State Common Law)

75.     Coach specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 74 hereof.

76.     Defendants' conduct, as alleged above, constitutes unfair competition under California State common law.  Defendants' acts have resulted in the "passing off" of Defendants' products as those of Coach, or as somehow related or associated with, or sponsored or endorsed by Coach.

1   77.    Defendants' acts entitle Coach to general and special damages for all of

2   Defendants' profits derived from their past unlawful conduct to the full extent provided

3   for by the common law of the State of California.

4   78.    Coach has no adequate remedy at law for the foregoing wrongful conduct.

5   Coach has been, and absent injunctive relief will continue to be, irreparably harmed by

6   Defendants' actions.

7                                          **PRAYER**

8   WHEREFORE, Plaintiff Coach prays for judgment as follows:

9   A.     For judgment that:

10          (i)     Defendants have violated Section 32 of the Lanham Act,

11                  15 U.S.C. § 1114;

12          (ii)    Defendants have violated Section 43(a) of the Lanham Act,

13                  15 U.S.C. § 1125(a);

14          (iii)   Defendants have violated Section 42 of the Lanham Act,

15                  15 U.S.C. § 1124;

16          (iv)    Defendants have violated Section 526 of the Tariff Act,

17                  19 U.S.C. § 1526(a);

18          (v)     Defendants' violations of Sections 32, 43(a), and 42 of the

19                  Lanham Act and Section 526 of the Tariff Act were willful,

20                  intentional, and done with knowledge that the infringing

21                  marks were counterfeit;

22          (vi)    Defendants have violated the California Unfair Business

23                  Practices Act, Cal. Bus & Prof. Code § 17200 *et seq.*; and

24          (vii)   Defendants have engaged in unfair competition in violation

25                  of the common law of the State of California.

26   B.     For an injunction restraining and enjoining Defendants and their

27   divisions, subsidiaries, officers, agents, employees, attorneys, and all those persons in

28   active concert or participation with them who receive actual notice of the order by

THEODORA ORINGHER
COUNSELORS AT LAW

1   personal service or otherwise, from (i) purchasing, importing, distributing, selling, or
2   offering for sale, counterfeit COACH brand goods, or assisting, aiding or abetting any
3   other person or entity in doing so; and (ii) using the Coach Marks or trademarks
4   confusingly similar therewith, or assisting, aiding or abetting any other person or entity
5   in doing so.

6          C.     For an order requiring Defendants, within thirty (30) days after entry
7   of judgment, to deliver up to counsel for Coach any and all goods in their possession,
8   custody, and/or control that infringe the Coach Marks.

9          D.     For an order requiring Defendants, within thirty (30) days after entry
10  of judgment, to recall all goods sold or distributed by them that infringe the Coach
11  Marks.

12         E.     For an order requiring Defendants, within thirty (30) days after entry
13  of judgment, to deliver up to counsel for Coach any and all documents in their
14  possession, custody, and/or control that reflect or relate to the purchase, importation,
15  storage, shipping, or sale of goods that infringe the Coach Marks.

16         F.     For an order requiring Defendants, within thirty (30) days after entry
17  of judgment, to prepare and deliver to counsel for Coach a complete list of entities from
18  whom Defendants purchased, and to whom they sold, goods that infringe the Coach
19  Marks.

20         G.     For an order requiring Defendants, within thirty (30) days after entry
21  of judgment, to file with the Court and serve upon counsel for Coach a written report,
22  under oath, setting forth in detail the manner in which Defendants have complied with
23  paragraphs B through F above.

24         H.     For an order (i) requiring Defendants to account for and pay over to
25  Coach all of Defendants' profits derived from their unlawful conduct to the full extent
26  provided for by Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a); (ii) trebling the
27  amount of damages Defendants are required to pay over to Coach (*i.e.*, Defendants'
28  profits derived from their unlawful conduct), and awarding Coach its costs, attorneys'

1  fees, and prejudgment interest to the full extent provided for by Section 35(b) of the
2  Lanham Act, 15 U.S.C. § 1117(b); (iii) as an alternative to awarding Defendants'
3  profits, trebled, under Sections 35(a) and 35(b), awarding Coach statutory damages of
4  $2 million per counterfeited Coach Mark, as provided for by Section 35(c) of the
5  Lanham Act, 15 U.S.C. § 1117(c); and (iv) awarding Coach general and special
6  damages to the full extent provided for by Cal. Bus. & Prof. Code §17200 *et seq*. and
7  the common law of the State of California.

8       I.      For costs of suit, attorneys' fees, and such other and further relief as
9  the Court shall deem appropriate.

10  DATED: December 29, 2012   THEODORA ORINGHER PC

11
12                              By:  _____
13                                   Samuel R. Watkins, Esq.
                                     Attorneys for Coach, Inc. and Coach Services, Inc.
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT  1



301 E. Ocean Blvd
Long Beach, CA  90802

**U.S. Customs and
Border Protection**

2009-2704-001104
nl

SEP 0 8 2009

Coach Inc.
516 West 34th St.
New York, NY 10001
Attn: April Pyatt

.Re: Seizure of Infringing Merchandise

Dear Ms. Pyatt:

Our records show that Coach, Inc. is the owner of the trademark recorded under trademark recordation numbers (TMK) 09-00492, and Customs and Border Protection (CBP) has seized articles found to infringe upon said trademark.

Pursuant to Title 19, Code of Federal Regulations, Section 133.21 (counterfeit trademark), you are being provided the following information concerning said seizure:

Date and port of entry: July 24, 2009; Los Angeles/Long Beach harbor

Description of merchandise (including quantity): handbags, 22,040ea; wallets, 10,300ea

Country of Origin: China

Name and address of exporter: HECNY Shipping Limited, Blocke East, 43/F, Int'l Trade, Centre Blgd, 3002, Renmin South, Rd. Luohu District, Shenzhen, China

Name and address of importer: Pierce Biotechnologies, Inc., 3747 N. Meridian Road, Rockford, IL 61101-9316

Any questions not answered by this letter should be directed to Nicole M. Lopez of my staff at (562) 366-5545.

Sincerely,

Robert P. Thierry
Director, Fines, Penalties
and Forfeitures

Exhibit 1 - 1 of 1

Page 25 of 37

# EXHIBIT 2

Department of the Treasury
U.S. Customs Service
141.32.CR.

# Customs Power of Attorney

ID# _____

_Check appropriate box:_
☐ Individual
☐ Partnership
☐ Corporation
☐ Sole Proprietorship

KNOW ALL MEN BY THESE PRESENTS: That, _____

_(Full Name of person, partnership, or corporation, or sole proprietorship (Identify)_

a corporation doing business under the laws of the State of _____ or a

doing business as _____ residing at _____

having an office and place of business at _____ , hereby constitutes and appoints each of the following persons

_____

_(Give full name of each agent designated)_

as a true and lawful agent and attorney of the grantor named above for and in the name, place, And stead of said grantor from this date and in all Customs Districts, and in no other name, to make, endorse, sign, declare, or swear to any entry, withdrawal, declaration, certificate, bill of lading, carnet or other document required by law or regulation in connection with the importation, transportation, or exportation of any merchandise shipped or consigned by or to said grantor; to perform any act or condition which may be required by law or regulation in connection with such merchandise; to receive any merchandise deliverable to said grantor;

To make endorsements on bills of lading conferring authority to transfer title, make entry or collect drawback, and to make, sign, declare, or swear to any statement, supplemental statement, schedule, supplemental schedule, certificate of delivery, certificate of manufacture, certificate of manufacture and delivery, abstract of manufacturing records, declaration of proprietor on drawback entry, declaration of exporter on drawback entry, or any other affidavit or document which may be required by law or regulation for drawback purposes, regardless of whether such bill of lading, sworn statement, schedule, certificate, abstract, declaration, or other affidavit or document is intended for filing in any customs district;

To sign, seal, and deliver for and as the act of said grantor any bond required by law or regulation in connection with the entry or withdrawal of imported merchandise or merchandise exported with or without benefit of drawback, or in connection with the entry, clearance, lading, unlading or navigation of any vessel or other means of conveyance owned or operated by said grantor, and any and all bonds

which may be voluntarily given and accepted under applicable Laws and regulations, consignee's and owner's declarations provided for in section 485, Tariff Act of 1930, as amended or affidavits in connection with the entry of merchandise.

To sign and swear to any document and to perform any act that may be necessary or required by law or regulation in connection with the entering, clearing, lading, unlading, or operation of any vessel or other means of conveyance owned or operated by said grantor;

To authorize other Customs Brokers to act as grantor's agent; to receive, endorse and collect checks issued for Customs duty refunds in grantor's name drawn on the Treasurer of the United States; if the grantor is a nonresident of the United States, to accept service of process on behalf of the grantor;

And generally to transact at the customhouses in any district, any and all customs business, including making, signing, and filing of protests under section 514 of the Tariff Act of 1930, in which said grantor is or may be concerned or interested and which may properly be transacted or performed by an agent and attorney, giving to said agent and attorney full power and authority to do anything whatever requisite and necessary to be done in the premises as fully as said grantor could do if present and acting, hereby ratifying and confirming all that the said agent and attorney shall lawfully do by virtue of these presents; the foregoing power of attorney to remain in full force and effect until the _____ day of _____ 2___, or until notice of revocation in writing is duly given to and received by a District Director of Customs. If the donor of this power of attorney is a partnership, the said power shall in no case have any force or effect after the expiration of 2 years from the date of its execution.

IN WITNESS WHEREOF, the said _____

Has caused these presents to be sealed and signed: (Signature) _____

(Capacity) _____ (Date) _____

WITNESS: _____

_____ (Corporate seal)

Customs Form 5291 (10-07-80)

Exhibit 2 - 1 of 1
Page 26 of 37

# EXHIBIT 3

ADMINISTRATIVE MESSAGE 05-0441          04/20/2005
TITLE: BRO-VALIDATING THE POWER OF ATTORNEY


TO       : ALL ABI FILERS


FROM     : OFFICE OF FIELD OPERATIONS, BROKER COMPLIANCE


SUBJECT : VAILDATING THE POWER OF ATTORNEY


THE PURPOSE OF THIS ADMINISTRATIVE MESSAGE IS TO SUGGEST WAYS BROKERS
CAN VALIDATE POWERS OF ATTORNEY (POA).

BECAUSE THE POA CAN AUTHORIZE THE MOVEMENT OF CONVEYANCES AND
MERCHANDISE INTO THE UNITED STATES, IT IS CRITICAL THAT IT BE EXAMINED
CAREFULLY. BY ENSURING THAT EACH POA IS VALID, THE BROKER JOINS CUSTOMS
AND BORDER PROTECTION ON THE NATIONAL SECURITY FRONTLINES IN VERIFYING
THE DATA USED TO SCREEN WHAT ENTERS THIS COUNTRY.

IN ADDITION TO SECURITY, THE BROKER'S OWN PROFESSIONAL BUSINESS
INTERESTS AND CONTINUING OBLIGATION TO DEMONSTRATE "REASONABLE CARE"
REQUIRE VERIFICATION OF THE POA GRANTOR'S IDENTITY AND LEGAL AUTHORITY
(POSITION IN A COMPANY OR PARTNERSHIP) TO ENTER INTO A POA.

  HERE ARE SOME WAYS THE BROKER CAN VALIDATE A POWER OF ATTORNEY


   -   TO THE GREATEST EXTENT POSSIBLE, HAVE POAS COMPLETED IN PERSON
       SO THE GRANTOR'S PERSONAL IDENTIFICATION (DRIVERS LICENSE,
       PASSPORT, ETC.) CAN BE REVIEWED.

   -   CHECK APPLICABLE WEB SUTES TO VERIFY THE POA GRANTOR'S BUSINESS
       AND REGISTRATION WITH STATE AUTHORITIES.

   -   IF THE PRINCIPAL USES A TRADE OR FICTITIOUS NAME IN DOING
       BUSINESS, CONFIRM THAT THE NAME APPEARS ON THE POA.

   -   VERIFY THAT THE IMPORTER'S NAME, IMPORTER NUMBER AND EMPLOYER
       IDENTIFICATION NUMBER (ALSO KNOWN AS THE FEDERAL TAX
       IDENTIFICATION NUMBER) ON THE POA MATCH WHAT IS IN ACS.

   -   CHECK WHETHER THE POA GRANTOR IS NAMED AS A SANCTIONED OR
       RESTRICTED PERSON OR ENTITY BY THE U.S. GOVERNMENT. (SEE THE "LIST
       TO CHECK" AT WWW.BIS.DOC.GOV/COMPLIANCEANDENFORCEMENT/INDEX.HTM.)


IF YOU HAVE ANY QUESTIONS OR COMMENTS ABOUT POA REQUIREMENTS AND
VALIDATION PROCEDURES, PLEASE CONTACT A MEMBER OF THE BROKER MANAGEMENT
BRANCH, TRADE COMPLIANCE AND FACILITATION, OFFICE OF FIELD OPERATIONS,
AT (202) 344-2580.


Exhibit 3 - 1 of 1

Page 27 of 37

# EXHIBIT 4

<u>Print this Page</u>
<u>Close this Window</u>

**Printer Friendly Version Of:**
http://www.cbp.gov/xp/cgov/trade/trade_programs/broker/validating_poa.xml
**Printed:**
Tue Dec 13 07:59:01 PST 2011

# Validating the Power of Attorney
09/04/2009

Because the Power of Attorney (POA) can authorize the movement of conveyances and merchandise into the United States, it is critical that it be examined carefully. By ensuring that each POA is valid, the broker joins U.S. Customs and Border Protection on the national security frontlines in verifying the data used to screen what enters this country.

In addition to security, the broker's own professional business interests and continuing obligation to demonstrate "reasonable care" require verification of the POA grantor's identity and legal authority (position in a company or partnership) to enter into a POA.

Here are some ways the broker can validate a Power of Attorney:

- To the greatest extent possible, have POAs completed in person so the grantor's personal identification (driver's license, passport, etc.) can be reviewed.
- Check applicable Web sites to verify the POA grantor's business and registration with State authorities.
- If the principal uses a trade or fictitious name in doing business, confirm that the name appears on the POA.
- Verify that the importer's name, importer number and Employer Identification Number (also known as the Federal Tax Identification Number) on the POA match what is in ACS.
- Check whether the POA grantor is named as a sanctioned or restricted person or entity by the U.S. Government. See the Bureau of Industry and Security's Export Enforcement page. ( Export Enforcement )

Questions concerning this should be directed to the:

Office of International Trade
Trade Policy and Programs
( Broker Compliance Points of Contact )

## see also:

▸ **on cbp.gov:**

Memorandum: Guidance: Suggested Steps for Obtaining a Valid Power of Attorney
(pdf - 47 KB.)

Broker Compliance Points of Contact

▸ **on the web:**

Export Enforcement

Exhibit 4 - 1 of 1

Page 28 of 37

# EXHIBIT  5



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 18, 2011

Honorable Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Nike Inc. v. Cathy Chiu Lam CHB et al.
CV-10-1163 (Weinstein, J.) (Levy, M.J.)

Dear Judge Weinstein:

The United States of America respectfully submits this letter in response to Your Honor's Order June 13, 2011 (Dkt. 72).

The United States is not in a position to comment specifically on the claims and defenses asserted in this action. However, the United States can provide general information about the role of the customs broker in import and export transactions. A customs broker is required to exercise "responsible supervision and control" over an import or export transaction. 19 C.F.R. § 111.28(a). "Responsible supervision and control" is defined as:

> that degree of supervision and control necessary to ensure the proper transaction of the customs business of a broker, including actions necessary to ensure that an employee of a broker provides substantially the same quality of service in handling customs transactions that the broker is required to provide . . .

19 C.F.R. § 111.1.

A customs broker, prior to engaging in an import or export transaction, must obtain a valid power of attorney from a principal. 19 C.F.R. § 141.46. As part of his or her obligation to exercise "responsible supervision and control", the customs broker must exercise reasonable care to ensure that the power of attorney in his or her possession is valid. Customs and Border Protection ("CBP") has published on its website a guidance to brokers, which lists methods by which brokers may validate a power of attorney. That guidance is annexed hereto. Pursuant to 19 U.S.C. § 1641(d)(1)(C), CBP may commence an administrative proceeding seeking monetary

Exhibit 5 - 1 of 3
Page 29 of 37

2

penalties and/or revocation or suspension of license against a broker who fails to take exercise reasonable care to validate a power of attorney.  CBP has issued administrative rulings related to the obligations of a customs broker. These rulings are available at rulings.cbp.gov, which has a search function.

The United States hopes that the foregoing will be helpful to the Court and the parties.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

By:   /s

ELLIOT M. SCHACHNER
Assistant United States Attorney
(718) 254-6053

cc:

All counsel of record
(Via ECF)

Exhibit 5 - 2 of 3

Page 30 of 37

Validating the Power of Attorney - CBP.gov                                    Page 1 of 1

SEARCH                                                          GO

☰ About CBP  |  ☰ Newsroom  |  ☰ Border Security  |  ☰ Trade  |  ☰ Travel  |  ☰ Careers

## Trade

Home / Trade / Trade Programs / Broker Compliance /

**Automated Systems and Operational Support**

**Basic Importing and Exporting**

**Cargo Security**

**Legal Decisions/Publications**

**Priority Trade Issues**

**Quicklinks**

**Trade Outreach**

**Trade Programs**

# Validating the Power of Attorney

(09/04/2009)

🖶 print

Because the Power of Attorney (POA) can authorize the movement of conveyances and merchandise into the United States, it is critical that it be examined carefully. By ensuring that each POA is valid, the broker joins U.S. Customs and Border Protection on the national security frontlines in verifying the data used to screen what enters this country.

In addition to security, the broker's own professional business interests and continuing obligation to demonstrate "reasonable care" require verification of the POA grantor's identity and legal authority (position in a company or partnership) to enter into a POA.

Here are some ways the broker can validate a Power of Attorney:

- To the greatest extent possible, have POAs completed in person so the grantor's personal identification (driver's license, passport, etc.) can be reviewed.
- Check applicable Web sites to verify the POA grantor's business and registration with State authorities.
- If the principal uses a trade or fictitious name in doing business, confirm that the name appears on the POA.
- Verify that the importer's name, Importer number and Employer Identification Number (also known as the Federal Tax Identification Number) on the POA match what is in ACS.
- Check whether the POA grantor is named as a sanctioned or restricted person or entity by the U.S. Government. See the Bureau of Industry and Security's Export Enforcement page. ( Export Enforcement )

Questions concerning this should be directed to the:

Office of International Trade
Trade Policy and Programs
( Broker Compliance Points of Contact )

### see also:

▷ **in Broker Compliance:**

FRN: CBP Broker Appeals Final Rule

Memorandum: Guidance: Suggested Steps for Obtaining a Valid Power of Attorney (pdf - 47 KB.)

Customs Brokers License Examination

Broker Compliance: Misuse of Licenses and Filer Codes (doc - 20 KB.)

Becoming a Customs Broker

FAQs about Trade Names and Corporations

...more

▷ **on cbp.gov:**

Memorandum: Guidance: Suggested Steps for Obtaining a Valid Power of Attorney (pdf - 47 KB.)

Broker Compliance Points of Contact

▷ **on the web:**

Export Enforcement

Report Suspicious Activity to
**1-800-BE-ALERT**



**E-ALLEGATIONS**
Online Trade Violation
Reporting System

**What's New**
in Trade



**How to Use the Website**

**Featured RSS Links**

What's New ▪▪▪ Contacts ▪▪▪ Ports ▪▪▪ Questions/Complaints ▪▪▪ Forms ▪▪▪ Sitemap

EEO/DCR | FOIA | Privacy Statement | Get Plugins | En Español

Inquiries (877) CBP-5511  |  International Callers (703) 526-4200  |  TTD (866) 880-6582

Department of
Homeland Security
USA.gov

http://www.cbp.gov/xp/cgov/trade/trade_programs/broker/validating_poa.xml                  7/6/2011

Exhibit 5 - 3 of 3

Page 31 of 37

# EXHIBIT 6

Calco Customs Service Co.

4060 Flat Drive, Suite 204, El Monte, CA 91731   Tel: 626-443-2384   Fax: 626-443-2924

**CUSTOMS POWER OF ATTORNEY**

* Capacity – President, Vice President, Secretary or Treasurer

IRS# 36-2548893

KNOW ALL MEN BY THESE PRESENTS, That _Pierce Chemical Company_

_3747 North Meridian Road Rockford, Illinois 61105_

_Illinois_

Pierce Chemical Company

Robert Lautrup, Vice President

IN WITNESS WHEREOF, the said _Pierce Chemical Company_

_Robert Lautrup, Vice President_

this _20th_ day of _July, 2009_

Dated: July 20, 2009

Exhibit 6 - 1 of 1

Page 32 of 37

EXHIBIT 7

Invoice Date: 2009-7-11
T/T Date: 2009-7-11

# *INVOICE*

INVOICE No.CP200907012
To: PIERCE CHEMICAL COMPANY
Add:3747 NORTH MERIDIAN ROAD ROCKFORD,LLLINOIS 61105
Tel: 815-556-7634 FAX:815-425-0637

From :COLOURFUL PRINTING (ZHONGSHAN) MANUFACTURER
Add: XINFU ROAD,XIAOLI 3RD INDUSTRIAL ZONE,
     DONGFENG ZHONGSHAN GUANGDONG

Loading Port:YANTIAN,CHINA            Discharg Port:LOS ANGELES,CA
Ctnr No:UESU4665337

| Carton No. | Description | Unit price (USD) | Q'ty (pcs) | Amount (USD) |
|---|---|---|---|---|
| N/M | BROWSE PRODUCT CATALOG | $0.21 | 127440 | US$26,762.40 |

4911·10·00*40*                Total Amount:  US$26,762.40    *Ev*

COUNTRY OF ORIGIN: CHINA

Exhibit 7 - 1 of 5

Page 33 of 37

30464682

Invoice Date: 2009-7-11
T/T Date: 2009-7-11

# *Packing list*

Packing No. CP200907012
To: PIERCE CHEMICAL COMPANY
Add:3747 NORTH MERIDIAN ROAD ROCKFORD,LLLINOIS 61105
Tel: 815-556-7634 FAX:815-425-0637

From :COLOURFUL PRINTING (ZHONGSHAN) MANUFACTURER
Add: XINFU ROAD,XIAOLI 3RD INDUSTRIAL ZONE,
     DONGFENG ZHONGSHAN GUANGDONG

Loading Port:YANTIAN,CHINA          Discharg Port:LOS ANGELES,CA
Ctnr No:UESU4665337

| Carton No. | Description | Q'ty/ctn (pcs ) | Measurement (CM) | Q'ty (ctn ) | G.W (kg) | N.W (kg) |
|---|---|---|---|---|---|---|
| *N/M* | BROWSE PRODUCT CATALOG | 127440 ---------- 236Pcs/Ctns | 66.8CBM | 540 | 16920 | 16593 |

TOTAL:   540CARTONS .127440PCS.   16920KG.

COUNTRY OF ORIGIN: CHINA

Exhibit 7 - 2 of 5

Page 34 of 37

7/17/2009 9:36 AM  FROM: FSK   TO: 9,17189464737    PAGE: 001 OF 001

# HECNY TRANSPORTATION INC.

1460 FRANCISCO STREET, TORRANCE, CA 90501
TEL: 310-3473400  FAX: 310-3473419
bvan@hecnyusa.com

## Ocean Arrival Notice/Freight Invoice



| Shipper: COLOURFUL PRINTING (ZHONGSHAN) MANUFACTU XINFU ROAD, XIAOLI 3RD INDUSTRIAL ZONE, DONGFENG ZHONGSHAN GUANGDONG TEL: 86-760-22628181 | Carrier MBL#: MAEUSZHVJM535 | Date: 07/14/2009 |
|---|---|---|
| | AMS#: HYSLFSZX09070220 | Prepared BY: x 4  Brenda Van |
| Consignee:  Tel: 8155567634  Fax: 18154250637 PIERCE CHEMICAL COMPANY 3747 NORTH MERIDIAN ROAD ROCKFORD, ILLIN 61105 TEL:815-566-7634 FAX: 815-425-0637 EMAIL: PIERCECHEMICAL@HOTMAIL.COM , | HB/L#: FSZX09070220 | Job#: S1061835 |
| | SCAC CODE HYSL | CARRIER: MAERSK SEALAND |
| Notify Party: PIERCE CHEMICAL COMPANY 3747 NORTH MERIDIAN ROAD ROCKFORD, ILLIN 61105 TEL:815-566-7634 FAX: 815-425-0637 EMAIL: PIERCECHEMICAL@HOTMAIL.COM | VESSEL & VOY#: MAERSK ALPINE | 0007 |
| | LOADING/RECEIPT PORT: YANTIAN | ETD 07/11/2009 |
| Broker: | PORT OF DISCHARGE: LOS ANGELES, CA | ETA TO DISC 2009-07-24 |
| | PLACE OF DELIVERY: LOS ANGELES, CA | ETA TO DEST 2009-07-24 |
| Tel:  Fax: | | |
| Discharge Terminal: APM/Maersk Terminal B400-CY/Lax(#18S) | Tel: 310-221-4000 | |
| Cargo Location of Final Destination: | Tel: | |
| T. NO | DATE: | IT PORT: |

| CONTAINER | SIZE | SEAL No | PKG Qty | MODE | WEIGHT | CBM |
|---|---|---|---|---|---|---|
| UESU4606337 | /40HD | CN5086995 | 540 CTN | FCL/FCL | 16920.00KGS | 66.800CBM |

Goods Description:  Home Decoration

| B/L CHARGE | UNIT PRICE | QUANTITY | COLLECT | US$TOTAL |
|---|---|---|---|---|
| FREIGHT CHARGE | USD  0 | 1.00 | USD  0 | |
| HANDLING CHARGE | USD  65.00 | 1.00 | USD  65.00 | 65.00 |
| TOTAL | | | | 65 |

**\*\*\*\*\* GRAND TOTAL CHARGE : USD 65 \*\*\*\*\***

3046482

OBL required

release order is required if your shipment is telex release and prepaid
Please send us delivery instruction asap if this is a door move

| REMARKS: For Payment use Johnson:S1061835, Invno#: | |
|---|---|

Exhibit 7 - 3 of 5

Page 35 of 37

SEP-21-2009  15:00      CELCO CUSTOMS SERVICE CO.              626 442 0141    P.01

EST: 3   PAPERLESS    Page 1
Form Approved OMB No. 1651-0022
EXP. 03-31-2012

**DEPARTMENT OF HOMELAND SECURITY**
**U.S. Customs and Border Protection**

**ENTRY SUMMARY**

| 1. Filer Code/Entry No. BDC 3046482-2 | 2. Entry Type 01 ABI/A | 3. Summary Date 08/26/09  717 |
|---|---|---|
| 4. Surety No. 891 | 5. Bond Type 8 | 6. Port Code 2704 | 7. Entry Date 08/14/09 |

| 8. Importing Carrier MAERSK ALFIRK | 9. Mode of Transport 11 | 10. Country of Origin CN | 11. Import Date 07/24/09 |
|---|---|---|---|
| 12. B/L or AWB No. MAEU SZHVJM535 | 13. Manufacturer ID CNCOLPRI3ZHO | 14. Exporting Country CN | 16. Export Date 07/11/09 |
| 16. I.T. No. | 17. I.T. Date | 18. Missing Docs | 19. Foreign Port of Lading 57078 | 20. U.S. Port of Unlading 2704 |
| 21. Location of Goods/G.O. No. W185 Voyage: 907 | 22. Consignee No. 36-254889300 | 23. Importer No. 36-254889300 | 24. Reference No. |

25. Ultimate Consignee Name and Address
PIERCE BIOTECHNOLOGIES INC
3747 N MERIDIAN RD

Destination: CA
City ROCKFORD          State IL   Zip 611019316

26. Importer of Record Name and Address
PIERCE BIOTECHNOLOGIES INC
3747 N MERIDIAN RD

City ROCKFORD          State IL   Zip 611019316

| 27. Line No. | 28. Description of Merchandise 29. A. HTSUS No. B. ADA/CVD No. | 30. A. Grossweight B. Manifest Qty. | 31. Net Quantity in HTSUS Units | 32. A. Entered Value B. CHGS C. Relationship | 33. A. HTSUS Rate B. ADA/CVD Rate C. IRC Rate D. Visa No. | 34. Duty and I.R. Tax Dollars | Cents |
|---|---|---|---|---|---|---|---|
| 001 | PRTD CATLGS,PRICE LISTS,NOTICE 4911.10.0040 | 640 CARTO 16,920 KG | 127,440.00 NO | $26,762 C $2,700 N | FREE | | $0.00 |
| | 499 - Merchandise Processing Fee 501 - Harbor Maintenance Fee | | | | 0.2100% 0.1250% | | $56.20 $33.45 |
| | Totals for Invoice CP200907012 | Invoice Value 26,762.00 USD | +/- MMV | Exchange 1.00000 | Entered Value 26,762.00 USD |

| Other Fee Summary for Block 39 499 - MPF          $56.20 501 - HMF           $33.45 | 35. Total Entered Value $ 26,762 Total Other Fees $ 89.65 | CBP USE ONLY | | TOTALS |
|---|---|---|---|---|
| | | A. LIQ CODE | B. Ascertained Duty | 37. Duty $0.00 |
| | REASON CODE | C. Ascertained Tax | 38. Tax |
| | | D. Ascertained Other | 39. Other $89.65 |
| | | D. Ascertained Total | 40. Total $89.65 |

**38. DECLARATION OF IMPORTER OF RECORD (OWNER OR PURCHASER) OR AUTHORIZED AGENT**

I declare that I am the ☐ importer of record and that the actual owner, purchaser, or consignee for CBP purposes is as shown above, OR ☒ owner or purchaser or agent thereof. I further declare that the merchandise ☐ was obtained pursuant to a purchase or agreement to purchase and that the prices set forth in the invoices are true, OR ☒ was not obtained pursuant to a purchase or agreement to purchase and the statements in the invoices as to value or price are true to the best of my knowledge and belief. I also declare that the statements in the documents herein filed fully disclose to the best of my knowledge and belief the true prices, values, quantities, rebates, drawbacks, fees, commissions, and royalties and are true and correct, and that all goods or services provided to the seller of the merchandise either free or at reduced cost are fully disclosed.
I will immediately furnish to the appropriate CBP officer any information showing a different statement of facts.

| 41. DECLARANT NAME          TITLE Wen Shi, ATTY IN FACT | SIGNATURE | DATE 08/26/09 |
|---|---|---|
| 42. Broker/Filer Information (Name, address, phone number) Celco Customs Service Co. 9660 Flair Dr. Suite 226 El Monte, CA 91731  626-442-3588 | 43. Broker/Importer File No. 3046482 |

CBP Form 7501 (06/09)

09/21/09  MON 16:09  [TX/RX NO 8460]

Exhibit 7 - 4 of 5

Page 36 of 37

SEP-21-2009  15:01      CELCO CUSTOMS SERVICE CO.                    626 442 0141      P.02

QUIK PICK / BOX #50

U.S. DEPARTMENT OF HOMELAND SECURITY
Bureau of Customs and Border Protection

Form Approved
OMB No. 1551-0024

## ENTRY/IMMEDIATE DELIVERY    JUL 27 2009

Celco Customs Service Co.
9660 Flair Dr. Suite 226
El Monte, CA 91731  626-442-3588 Fax: 626-442-5829

Page: 1
ABI CERTIFIED
CST# 717
EST# 3

19 CFR 142.3, 142.16, 142.27, 142.24

| 1. ARRIVAL DATE | | 2. ELECTED ENTRY DATE | 3. ENTRY TYPE CODE/NAME | | 4. ENTRY NUMBER |
|---|---|---|---|---|---|
| 072409 | | 072709 | 01 | | BDQ-3046482-2 |
| 5. PORT | 6. SINGLE TRANS. BOND | | 7. BROKER/IMPORTER FILE NUMBER | | |
| 2704 | | | | 3046482 | |
| | 8. CONSIGNEE NUMBER | | | 9. IMPORTER NUMBER | |
| | 36-254889300 | | | SAME | |
| 10. ULTIMATE CONSIGNEE NAME | | 11. IMPORTER OF RECORD NAME | | | |
| PIERCE BIOTECHNOLOGIES INC 3747 N MERIDIAN RD ROCKFORD, IL 611019316 | | SAME | | | |
| 12. CARRIER NAME | 13. VOYAGE/FLIGHT/TRIP | 14. LOCATION OF GOODS-CODE(S)/NAME(S) | | | |
| MAEU | 907 | W185MAERSK SEALAND - APM TERMINALS | | | |
| 15. VESSEL CODE/NAME | | | | | |
| MAERSK ALFIRK | | | | | |
| 16. U.S. PORT OF UNLADING | 17. MANIFEST NUMBER | 18. G.O. NUMBER | | 19. TOTAL VALUE | |
| 2704 | | | | 26,762 | |
| 20. DESCRIPTION OF MERCHANDISE | | | | | |
| BROWSE PRODUCT CATALOG | | | | | |

| 21. IT/BL/AWB CODE | 22. IT/BL/AWB NO. | 23. MANIFEST QUANTITY | 24. H.S. NUMBER | 25. COUNTRY OF ORIGIN | 26. MANUFACTURER NO. |
|---|---|---|---|---|---|
| M | MAEU SZHVJM535 | 540  CARTO | 4911.10.0040 | CN | CNCOLPRI3ZHO |
| | | | | | |
| | | | | | |
| | | | | | |

| 27. CERTIFICATION | 28. CBP USE ONLY |
|---|---|
| I hereby make application for entry/immediate delivery. I certify that the above information is accurate, valid, and current, and that all requirements of 19 CFR Part 142 have been met. | ☐ OTHER AGENCY ACTION REQUIRED, NAMELY: |
| SIGNATURE OF APPLICANT | |
| X  YIU LEE - ATTY IN FACT | ☐ CBP EXAMINATION REQUIRED |
| PHONE NO.                    DATE | |
| 626-442-3588              07/27/09 | ☐ ENTRY REJECTED, BECAUSE: |
| 29. BROKER OR OTHER GOVT. AGENCY USE | |
| Containers: UESU4666337 Req. Exam at: W344 PRICE TRANSFER ( C.E.S ) Transfer By: Entry Bond [ ]      Carrier Bond [ ] CHL Bond [ ]        CFS Bond [ ] Paired Cities Req: Yes [ ]  No [X] | DELIVERY AUTHORIZED:   SIGNATURE                DATE |

Paperwork Reduction Act Notice: This information is needed to determine the admissibility of imports into the United States and to provide the necessary information for the examination of the cargo and to establish the liability for payment of duties and taxes. Your response is necessary. The estimated average burden associated with this collection of information is 15 minutes per respondent or recordkeeper depending on individual circumstances. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be directed to Bureau of Customs and Border Protection, Information Services Branch, Washington, DC 20229, and to the Office of Management and Budget, Paperwork Reduction Project (1651-0024), Washington, DC 20503.

CBP Form 3461 (01/89)

09/21/09  MON 16:09  [TX/RX NO 8460]

Exhibit 7 - 5 of 5

Page 37 of 37

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana P. Pfaelzer and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV11- 10787 MRP (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

==============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| COACH, INC., a Maryland Corporation; and COACH SERVICES, INC., a Maryland Corporation, <br> *Plaintiff* <br> v. <br> CELCO CUSTOMS SERVICE CO.; a California Corporation; and DOES ONE through TEN, inclusive, <br> *Defendant* | ) ) ) ) ) ) ) ) |

CV11- 10787 MPP(FMOx)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  CELCO CUSTOMS SERVICE CO., 9660 Flair Drive, Suite 226, El Monte, California 91731.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Samuel R. Watkins, Esq. (State Bar No. 272162)
swatkins@tocounsel.com
THEODORA ORINGHER PC
10880 Wilshire Boulevard, Suite 1700
Los Angeles, California  90024-4101
Telephone: (310) 557-2009

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DEC 2 9 2011

CLERK OF COURT

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

|  |  |  |
|---|---|---|
| COACH, INC., a Maryland Corporation; and COACH SERVICES, INC., a Maryland Corporation, | ) | **CV11- 10787** MRP (FMOx) |
| *Plaintiff* | ) |  |
| v. | ) | Civil Action No. |
| CELCO CUSTOMS SERVICE CO.; a California Corporation; and DOES ONE through TEN, inclusive, | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   CELCO CUSTOMS SERVICE CO., 9660 Flair Drive, Suite 226, El Monte, California 91731.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Samuel R. Watkins, Esq. (State Bar No. 272162)
swatkins@tocounsel.com
THEODORA ORINGHER PC
10880 Wilshire Boulevard, Suite 1700
Los Angeles, California 90024-4101
Telephone: (310) 557-2009

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DEC 29 2011

Date: _____

*CLERK OF COURT*

**JULIE PRADO**

SEAL

_____
*Signature of Clerk or Deputy Clerk*