1  SUSAN KOHN ROSS (SBN 84868),
   skr@msk.com
2  LEAF K. WILLIAMS (SBN 265720),
   lxw@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
4  Los Angeles, California 90064-1683
   Telephone: (310) 312-2000
5  Facsimile: (310) 312-3100

6  Attorneys for Defendant
   CELCO CUSTOMS SERVICE CO.

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11 COACH, INC. a Maryland Corporation;        CASE NO.  CV11-10787 MRP (FMDx)
   and COACH SERVICES, INC., a
12 Maryland Corporation,                       **ANSWER TO COMPLAINT**

13         Plaintiff,

14     v.

15 CELCO CUSTOMS SERVICE CO.; a
   California Corporation; and DOES ONE
16 through TEN, inclusive,

17         Defendant.

## CELCO'S ANSWER AND AFFIRMATIVE DEFENSES
## TO COACH'S COMPLAINT
## JURY TRIAL DEMANDED

Celco Customs Service Co. ("Celco") through its attorneys, hereby answers the Complaint ("Complaint") of Coach, Inc. and Coach Services, Inc. (jointly "Coach") as follows:

### NATURE OF THE ACTION

1. Answering Paragraph 1, Celco admits that Coach filed this action against Celco claiming the violations listed in Paragraph 1 of the Complaint.

2. Answering Paragraph 2, Celco denies each and every allegation contained therein.

### JURISDICTION AND VENUE

3. Answering Paragraph 3, Celco admits this Court has jurisdiction as alleged in this Paragraph.

4. Answering Paragraph 4, Celco admits that venue is proper in this district as alleged.

### THE PARTIES

5. Answering Paragraph 5, Celco lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and on that basis, denies each and every allegation contained therein.

6. Answering Paragraph 6, Celco lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and on that basis, denies each and every allegation contained therein.

7. Answering Paragraph 7, Celco admits the allegations contained therein. Celco further admits it is duly licensed as a customs broker by U.S. Customs and Border Protection (CBP).

8. Answering Paragraph 8, Celco admits that Coach purports to sue other parties by the fictitious names Does One through Ten. Except as expressly admitted, Celco denies each and every allegation contained in Paragraph 8, and further specifically denies that it engaged in any wrongdoing whatsoever.

9. Answering Paragraph 9, Celco admits that Coach purports to assert relationships between Celco and other parties supposedly responsible for certain acts or omissions. Except as expressly admitted, Celco denies each and every allegation contained in Paragraph 9, and further specifically denies that it engaged in any wrongdoing whatsoever.

## FACTS GIVING RISE TO THIS ACTION

Celco denies the headings in the "Facts Giving Rise to This Action" section or any other have any factual or legal significance. To the extent the headings of the "Facts Giving Rise to This Action" section or any others assert statements of fact, Celco denies each and every allegation contained therein.

*The Infringed Trademarks*

10. Answering Paragraph 10, Celco lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis, denies each and every allegation contained therein.

11. Answering Paragraph 11, Celco lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis, denies each and every allegation contained therein.

12. Answering Paragraph 12, Celco lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis, denies each and every allegation contained therein.

13. Answering Paragraph 13, Celco lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and on that basis, denies each and every allegation contained therein.

14. Answering Paragraph 14, Celco lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and on that basis, denies each and every allegation contained therein.

15. Answering Paragraph 15, Celco lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and on that basis, denies each and every allegation contained therein.

16. Answering Paragraph 16, Celco lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and on that basis, denies each and every allegation contained therein.

17. Answering Paragraph 17, Celco lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis, denies each and every allegation contained therein.

*Defendants' Importation of Infringing Goods*

18. Answering Paragraph 18, Celco admits that CBP inspects only some of the merchandise imported into the United States. Celco further admits that CBP did seize the shipment in question. Except as otherwise expressly admitted herein, Celco lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and on that basis, denies each and every remaining allegation contained therein.

19. Answering Paragraph 19, Celco lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and on that basis, denies each and every allegation contained therein.

20. Answering Paragraph 20, Celco admits it is duly licensed to transact customs brokerage business by CBP and that it provides customs brokerage services to importers who hire it. Except as expressly admitted herein, Celco denies each and every remaining allegation contained in Paragraph 20.

21. Answering Paragraph 21, Celco admits it was the customs broker who prepared and filed the entry documents in question. Celco further admits that entry

documentation did list Pierce Biotechnologies, Inc. as the importer of record. Celco further admits the goods were seized by CBP.  Celco lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and on that basis, denies each and every remaining allegation contained therein.

22. Answering Paragraph 22, Celco lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and on that basis, denies each and every allegation contained therein.

23. Answering Paragraph 23, Celco lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and on that basis, denies each and every allegation contained therein.

24. Answering Paragraph 24, Celco lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis, denies each and every allegation contained therein and mostly especially that any of the actions taken by Celco did not meet the statutory standard of responsible supervision, see 19 U.S.C. § 1641(b)(4), or that Celco engaged in any illegal scheme or importation.

25. Answering Paragraph 25, Celco admits that in order to provide customs brokerage services to an importer, it must first obtain a valid power of attorney from that importer. Celco further admits there is no specific form the power of attorney must take. Except as expressly admitted herein, Celco denies each and every allegation contained in Paragraph 25.

26. Answering Paragraph 26, Celco admits the terms of the cited CBP Form 5291 are correctly quoted.

27. Answering Paragraph 27, Celco admits it must have a valid power of attorney from an importer prior to preparing any entry documentation on behalf of that importer. Celco further admits the need to have the valid power of attorney is to establish in writing its authority to act on behalf of that importer. Except as

expressly admitted herein, Celco denies each and every allegation contained in Paragraph 27.

28. Answering Paragraph 28, Celco admits that CBP issued Administrative Message 05-441. Celco further admits it would have received that Administrative Message through the Automated Broker Interface (ABI). Except as expressly admitted herein, Celco denies each and every allegation contained in Paragraph 28.

29. Answering Paragraph 29, Celco admits the terms of the cited CBP Administrative Message are correctly quoted.

30. Answering Paragraph 30, Celco admits the provisions of Administrative Message 05-441 were reprinted in slightly revised form on CBP's website and are worded in manner which is permissive ("can") not mandatory ((not "shall"). Except as expressly admitted herein, Celco denies each and every allegation contained in Paragraph 30.

31. Answering Paragraph 31, Celco lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and on that basis, denies each and every allegation contained therein.

32. Answering Paragraph 32, Celco admits the terms of the cited letter are correctly quoted. However, reasonable care is the standard imposed on importers pursuant to 19 U.S.C. § 1484(a). Celco is a customs broker and so subject to the responsible supervision and control standard articulated at 19 U.S.C. § 1641(b)(4) (1641) (1641) and nowhere in 1641 is there any reference to "reasonable care". Except as expressly admitted herein, Celco denies each and every allegation contained in Paragraph 32.

33. Answering Paragraph 33, Celco admits that it prepared and filed entry paperwork on behalf of its importer. Celco also admits that in order to act on behalf of that importer, it must first have a valid power of attorney (POA). Except

as expressly admitted, Celco denies each and every remaining allegation contained in Paragraph 33.

34. Answering Paragraph 34, Celco admits the data listed in the relevant POA is accurately summarized as stated. Except as expressly admitted, Celco denies each and every allegation contained in Paragraph 34 and most especially that it knew or should have known the POA in question was "fraudulently" executed or was "invalid" at the time the entry was prepared and filed or when the entry summary was prepared or filed.

35. Answering Paragraph 35, Celco lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and on that basis, denies each and every allegation contained therein.

36. Answering Paragraph 36, Celco admits it followed industry norms in its business relationship with Eastern Direct Systems, Inc., a freight forwarder. Except as expressly admitted, Celco denies each and every allegation contained in Paragraph 36

37. Answering Paragraph 37, Celco admits that Celco did not require "Robert Laurence" to provide proof of his identity nor is it required to do so. Except as expressly admitted, Celco denies the remaining allegations of Paragraph 37.

38. Answering Paragraph 38, Celco admits in order for an importer to import his goods, he must first have a sufficient bond on file with CBP. Celco further admits that in determining whether an importer has a bond on file, Celco is able to access that information in the ABI system. Celco further admits there are continuous bonds (covering periods of time) and single transaction bonds and which type of bond and the amount required is determined by CBP. Except as expressly admitted, Celco denies each and every allegation contained in Paragraph 38.

39. Answering Paragraph 39, Celco admits the ABI system reported that Taxpayer Identification Number 36-2548893 belonged to Pierce Biotechnologies, Inc. Except as expressly admitted, Celco denies each and every allegation contained in Paragraph 39.

40. Answering Paragraph 40, Celco admits it is common for importers to rely on the services of more than one customs broker. Except as expressly admitted, Celco denies each and every allegation contained in Paragraph 40 and especially that it acted "willfully" or that any "red flags" were present, or that Celco did or failed to do anything which was in any manner not consistent with the 1641 requirements.

41. Answering Paragraph 41, Celco admits it received documents with which to prepare and file the entry, including the commercial invoice, packing list and bill of lading and, based on these documents, Celco filed CBP Forms 3461 and 7501.  Except as expressly admitted, Celco denies each and every allegation contained in Paragraph 41.

42. Answering Paragraph 42, Celco admits the documents list Pierce Chemical Company as the importer, the company's telephone number as 815-556-7634, fax number as 815-425-0637, and e-mail address as PIERCECHEMICAL@HOTMAIL.COM.  Celco admits the Administrative Message cited contains recommendations but not mandatory requirements. Celco denies that failure to look at the website of Pierce Biotechnologies, Inc. "violates yet another of the four methods for validating POAs as set forth in Administrative Message 05-0441."   Except as expressly admitted, Celco denies each and every allegation contained in Paragraph 42  and especially that Celco did or failed to do anything which was in any other manner not consistent with the 1641 requirements.

43. Answering Paragraph 43, Celco admits Pierce Biotechnologies, Inc. was named on the CBP entry paperwork as the importer of record in box number

26 of CBP From 7501 and Taxpayer Identification Number 36-2548893 in box number 23 of that same form. Celco denies each and every remaining allegation in Paragraph 43 and especially that Celco did or failed to do anything which was in any manner not consistent with the 1641 requirements.

44. Answering Paragraph 44, Celco denies each and every allegation contained therein and especially that it knew or should have known anything was amiss with the transaction or that Celco did or failed to do anything which was in any manner not consistent with the 1641 requirements.

45. Answering Paragraph 45, Celco admits that in July and August of 2011, in-house counsel for Pierce Biotechnologies, Inc. sent two letter requests via certified mail to Celco for records related to the seized shipment of Coach brand goods entered in Pierce Biotechnologies, Inc.'s name, that the first letter request was accepted by Celco, opened and reviewed, then put back into the envelope, taped closed, and returned to the U.S. postal service as having been refused by the addressee, that the second request was refused by Celco, and that Celco did not provide Pierce Biotechnologies, Inc. with an explanation for why its requests for records were refused. Except as expressly admitted, Celco denies each and every allegation contained in Paragraph 45.

46. Answering Paragraph 46, Celco denies each and every allegation contained therein.

47. Answering Paragraph 47, Celco denies each and every allegation contained therein and most especially that it "arranged for and imported the shipment".

***The Likelihood of Confusion and Injury Caused by Defendants' Actions***

48. Answering Paragraph 48, Celco denies each and every allegation contained therein, and further specifically denies it engaged in any wrongdoing whatsoever and most especially denies it "facilitated" any counterfeit goods or that

Celco did or failed to do anything which was in any manner not consistent with the 1641 requirements.

49. Answering Paragraph 49, Celco lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and on that basis, denies each and every allegation contained therein and most especially that it "imported" the goods in question.

50. Answering Paragraph 50, Celco denies each and every allegation contained therein.

## CLAIMS FOR RELIEF

### First Claim for Relief

**(For Infringement of Registered Trademarks in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))**

51. Answering Paragraph 51, Celco repeats and incorporates herein by reference each and every response contained in Paragraphs 1 through 50, as though fully set forth herein.

52. Answering Paragraph 52, Celco denies each and every allegation contained therein, and further specifically denies it engaged in any wrongdoing whatsoever including "use" of the marks in question.

53. Answering Paragraph 53, Celco denies each and every allegation contained therein and most especially that it acted in a manner that is "willful, intentional and done with knowledge" or that Celco did or failed to do anything which was in any manner not consistent with the 1641 requirements.

54. Answering Paragraph 54, Celco denies each and every allegation contained therein.

55. Answering Paragraph 55, Celco denies each and every allegation contained therein.

**Second Claim for Relief**

**(For False Designation of Origin and Trademark and Trade Dress Infringement in Violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))**

56. Answering Paragraph 56, Celco repeats and incorporates herein by reference each and every response contained in Paragraphs 1 through 55, as though fully set forth herein.

57. Answering Paragraph 57, Celco denies each and every allegation contained therein, and further specifically denies that it engaged in any wrongdoing whatsoever including "use" of the marks in question.

58. Answering Paragraph 58, Celco denies each and every allegation contained therein and most especially that it acted in a manner that is "willful, intentional and done with knowledge" or that Celco did or failed to do anything which was in any manner not consistent with the 1641 requirements.

59. Answering Paragraph 59, Celco denies each and every allegation contained therein.

60. Answering Paragraph 60, Celco denies each and every allegation contained therein.

**Third Claim for Relief**

**(For Unlawful Importation of Goods Bearing Infringing Marks in Violation of Section 42 of the Lanham Action 15 U.S.C. § 1124)**

61. Answering Paragraph 61, Celco repeats and incorporates herein by reference each and every response contained in Paragraphs 1 through 60, as though fully set forth herein.

62. Answering Paragraph 62, Celco denies each and every allegation contained therein, and further specifically denies it engaged in any wrongdoing whatsoever and most especially that it "import[ed]" the goods in question.

63. Answering Paragraph 63, Celco denies each and every allegation contained therein and most especially that it acted in a manner that is "willful, intentional and done with knowledge" or that Celco did or failed to do anything which was in any manner not consistent with the 1641 requirements.

64. Answering Paragraph 64, Celco denies each and every allegation contained therein.

65. Answering Paragraph 65, Celco denies each and every allegation contained therein.

## Fourth Claim for Relief

**(For Unlawful Importation of Goods Bearing Registered United States Trademarks in Violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a))**

66. Answering Paragraph 66, Celco repeats and incorporates herein by reference each and every response contained in Paragraphs 1 through 65, as though fully set forth herein.

67. Answering Paragraph 67, Celco denies each and every allegation contained therein, and further specifically denies it engaged in any wrongdoing whatsoever and further specifically denies it engaged in any wrongdoing whatsoever and most especially that it "import[ed]" the goods in question..

68. Answering Paragraph 68, Celco denies each and every allegation contained therein and most especially that it acted in a manner that is "willful, intentional and done with knowledge" or that Celco did or failed to do anything which was in any manner not consistent with the 1641 requirements.

69. Answering Paragraph 69, Celco denies each and every allegation contained therein.

70. Answering Paragraph 70, Celco denies each and every allegation contained therein.

Mitchell Silberberg & Knupp LLP
4488689.2

11
ANSWER TO COMPLAINT

## Fifth Claim for Relief

**(For Violation of the California Unfair Business Practices Act,**

**Cal. Bus & Prof. Code § 17200 *et seq.*)**

71.  Answering Paragraph 71, Celco repeats and incorporates herein by reference each and every response contained in Paragraphs 1 through 70, as though fully set forth herein.

72.  Answering Paragraph 72, Celco denies each and every allegation contained therein, and further specifically denies it engaged in any wrongdoing whatsoever.

73.  Answering Paragraph 73, Celco denies each and every allegation contained therein.

74.  Answering Paragraph 74, Celco denies each and every allegation contained therein.

## Sixth Claim for Relief

**(For Unfair Competition in Violation of California State Common Law)**

75.  Answering Paragraph 75, Celco repeats and incorporates herein by reference each and every response contained in Paragraphs 1 through 74, as though fully set forth herein.

76.  Answering Paragraph 76, Celco denies each and every allegation contained therein, and further specifically denies that it engaged in any wrongdoing whatsoever.

77.  Answering Paragraph 77, Celco denies each and every allegation contained therein.

78.  Answering Paragraph 78, Celco denies each and every allegation contained therein and further specifically denies that it engaged in any wrongdoing whatsoever.

## PRAYER FOR RELIEF

Celco denies that Coach is entitled to any relief. Celco expressly denies all allegations not previously admitted or denied, including any titles, descriptions or headers in the Complaint.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Coach's alleged claims for relief, Celco alleges the following without admission that such allegations are affirmative defenses on which Celco bears the burden of proof:

### FIRST AFFIRMATIVE DEFENSE

1. Coach fails to state facts sufficient to constitute a cause of action against Celco.

### SECOND AFFIRMATIVE DEFENSE

2. Coach's claims are barred to the extent those claims lack a basis in fact or law.

### THIRD AFFIRMATIVE DEFENSE

3. Coach's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

4. Coach's claims are barred or reduced by contributory negligence, mistake, or fraud.

### FIFTH AFFIRMATIVE DEFENSE

5. Coach's claims are barred by the doctrines of waiver and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

6. Coach's claims are barred to the extent Coach lacks standing.

### SEVENTH AFFIRMATIVE DEFENSE

7. Coach's claims are barred because they are moot, unripe and nonjusticiable.

## EIGHTH AFFIRMATIVE DEFENSE

8. Coach's claims are barred or reduced because any injury to Coach was caused by the acts or omissions of third parties for whom Celco is not legally responsible.

## NINTH AFFIRMATIVE DEFENSE

9. Coach has failed to mitigate its alleged damages.

## TENTH AFFIRMATIVE DEFENSE

10. Celco is not the importer of record and is therefore not legally responsible for the supposedly infringing goods.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Coach failed to join a necessary or indispensable party without whom this action cannot proceed.

## TWELFTH AFFIRMATIVE DEFENSE

12. Coach's claims are or may be preempted by other applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Coach's claims are barred by any other matter constituting an avoidance or affirmative defense on legal or equitable grounds. To the extent that Coach has failed to set forth its claims with sufficient particularity to permit Celco to determine all applicable and available defenses, Celco reserves its rights to amend and/or supplement this Answer with additional defenses when and if such information is ascertained.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Coach's claims are barred by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Celco is not liable for contributory infringement because it lacks any direct control over the importation, distribution, infringement, copying, duplication offering for sale and/or sale of the alleged counterfeit goods.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Celco is not liable for contributory infringement because it did not have knowledge that the allegedly replica products were counterfeit goods, and was not willfully blind to such activities.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Celco had no knowledge that any of its activities constituted infringement and thus its actions were innocent.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Celco is not liable for contributory infringement because it did not know, nor did it have reason to know, the allegedly replica products were counterfeit goods.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Coach's claims are bared by the doctrine of exhaustion.

## TWENTIETH AFFIRMATIVE DEFENSE

20. Coach's prayer for damages is barred on the grounds that such damages, if any, were not the result of acts, representations, or omissions by Celco.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Coach's prayer for treble damages, if any, is barred on the grounds that Coach failed to allege or prove facts sufficient to show Celco has intentionally used Coach's marks knowing that such marks are counterfeit.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Coach's prayer for statutory damages, if any, is barred on the grounds that Coach failed to allege or prove facts sufficient to show Celco has made willful use of Coach's marks.

## TWENTY-THIRD AFFIRMATIVE DEFENSE.

23. Coach's actions are barred as the duty of care which applies to a customs broker is set by statute and regulation, and subject to interpretation by the licensing agency, which is CBP. The statutory duty of care for a customs broker is

set out at 19 U.S.C. § 1641 as "responsible supervision". The corresponding regulatory framework is set out at 19 C.F.R. Part. 111. The reasonable care standard Coach asserts throughout its complaint applies to importers only, whereas Celco is a customs broker and neither owns nor controls the goods in question.

**PRAYER**:

WHEREFORE, Celco prays

    1.    That Coach take nothing by the Complaint, and that the Complaint, and each claim for relief therein, be dismissed with prejudice;

    2.    For Celco's full costs incurred herein; and

    3.    For such other relief as the Court deems just and proper.

DATED: March 7, 2012

SUSAN KOHN ROSS
LEAF K. WILLIAMS
MITCHELL SILBERBERG & KNUPP LLP


By: S/Susan Kohn Ross
    Susan Kohn Ross
    Attorneys for Defendant
    CELCO CUSTOMS SERVICE CO.