SHUN C. CHEN - State Bar No. 152565
LAW OFFICES OF SHUN C. CHEN
4521 Campus Drive, #324
Irvine, California 92612-2621

Telephone: (949) 854-6671
Fax: (949) 725-9801
E-Mail: shunchen@att.net

Attorney for Defendants CELCO CUSTOMS SERVICE CO., and SHEN HUEI FENG WANG, aka CELINE WANG

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COACH, INC., et al., | CASE NO. CV11-10787 MMM (PJWx) |
| Plaintiffs, | DEFENDANTS' MEMORANDUM OF FACT AND LAW |
| vs. | |
| CELCO CUSTOMS SERVICE CO., et al., | |
| Defendants. | |
| | FINAL PRETRIAL CONFERENCE: <br> Date: February 25, 2013 <br> Time: 9:00 a.m. <br> Courtroom: 780 Roybal |

Pursuant to Local Rule 16-4, Defendants CELCO CUSTOMS SERVICE CO., ("Celco"), and SHEN HUEI FENG WANG, aka CELINE WANG ("Wang," Celco and Wang are jointly referred to as "Defendants"), hereby submit their Memorandum of Fact and Law under L.R. 16-4:

A.  Claims and Defenses (L.R. 16-4.1):

   (a)  Summary of Plaintiffs' Claims:

      Claim1: Contributory infringement of trademark:
            (15 U.S.C. §1114)
      Claim2: False Designation of Origin
            (15 U.S.C. §1125(a)(1)(A))
      Claim 3: Unlawful Importation on Goods Bearing Registered U.S. Trademark
            (19 U.S.C. §1526(a))

   (c)  Description of Key Evidence in Opposition to Plaintiffs' Claim:

      Claim 1: (Elements based on Ninth Circuit Manual of Model Jury Instruction 15.19)
         1.a.  Plaintiffs must identify the name of the direct or primary infringer, ("Direct Infringer"), but are unable to do so.  As a matter of law, Plaintiffs cannot be allowed to proceed further without naming the Direct Infringer.
         1.b.  Plaintiffs have no evidence that Defendants sold or supplied goods to the Direct Infringer.  As a matter of law, Plaintiffs cannot be allowed to proceed further without evidence that Defendants sold or supplied goods to the Direct Infringer.  How Wang processed the customs entry form is irrelevant

to this element. If trial proceeds to Defendants' case in chief, Wang will testify Defendants did not sell or supply goods to the Direct Infringer, because Defendants are not in the business of supply goods and Defendants could not possibly, as a matter of law, supply goods without knowing the Direct Infringer.

    2. Plaintiffs have no evidence that Defendants sold or supplied good to Direct Infringer, who used the goods to infringe Plaintiffs' trademark. As a matter of law, Plaintiffs cannot be allowed to proceed further without satisfying this element.

    3. Plaintiffs have no evidence that Defendants knew or should have known Direct Infringer would use the goods to infringe the Plaintiffs' trademark . If trial proceeds to Defendants' case in chief, Wang will testify Defendants did not, and could not, know the Direct Infringer would use the goods to infringe Plaintiffs' trademark because Defendants did not know who was the Direct Infringer.

    4. Plaintiffs will not be able to prove they were damaged as a matter of law because he goods were confiscated by the U.S. Customs.

Claim 2: (Same as Claim 1)

Claim 3:

    1. 19 U.S.C. § 1526 applies to "Any person dealing in any such merchandise…" The merchandise was defined in subsection (a), i.e., goods bear a U.S. Trademark.

    Claim 3 is based on direct infringement, which the Court denied in its order dated January, 28, 2013 (Document # 61, p. 13.)

    Alternatively, Claim 3 is based on contributory infringement, which will fall as stated above in Claim 1.

3

**Defendants' Memorandum of Fact and Law**

2. The portion of the statute to make defendant liable for damages "under the provisions of sections 81 to 109 of title 15" is no longer operative, because said sections of title 15 have been repealed.

Defendants' key evidence is Wang's testimony of how she processed entry application, the lack of knowledge of the alleged counterfeit goods, nor any counterfeiter, and there was no intent to assist any counterfeiter.

(d)(e) Defendants' answer to Plaintiffs' Second Amended Complaint is due on February 18, 2013. The affirmative defenses herein are preliminary, and may be subject to modification after Defendants prepare their answer.

First Affirmative Defense: Plaintiffs' claim is barred by the doctrine of laches because of late filing of this action, Defendants were not able to inspect the goods seized by the U.S. Customs.

Second Affirmative Defense: If there were any infringement of Plaintiffs' trademark, it was the act of third parties. Plaintiffs' claim is misdirected against Defendants, Defendants had no knowledge, ownership, nor control of the third parties who arranged the transportation of the goods described as catalogues.

Third Affirmative Defense: Plaintiffs had unclean hands, in that Plaintiffs authorized the production of goods bearing Plaintiffs' trademarks, and Plaintiffs corroborated with the manufacturer, shipper, freight forwarder, by knowingly refused to name any of the persons as defendants, who were actually responsible for the transportation of the goods.

(f) First Affirmative Defense (Laches): Wang's testimony

1       Second Affirmative Defense (Third Party): Wang's testimony, shipping
2 documents and Power of Attorney received by Celco.

4       Third Affirmative Defense (Unclean Hands): Wang's testimony,
5 shipping documents and Power of Attorney received by Celco.

7   (h)    There are Six key evidentiary issues:

9       First, the identification of the Direct Infringer. Plaintiffs should not be
10 allowed to proceed without identifying the Direct Infringer.

12       Second, the irrelevant evidence Plaintiffs intend to offer, such as
13 Wang's any assets, Wang's family member's business, and Wang's any involvement
14 therewith. Plaintiffs attempted to attack Wang's family members for the sole
15 purpose of coercing a settlement. Such evidence should be excluded.

17       Third, Defendants' processing of the subject entry application, in the
18 absence of identification of Direct Infringer. Plaintiffs attempted to mislead jury
19 into examining Defendants conduct as a customer broker to bootstrap into liability
20 under trademark infringement.

22       Fourth, photographs showing the handbag and wallet inside the subject
23 container, without producing actual products. Such photographs are grossly
24 misleading, and produced 3 years after customs' seizure and destruction of the
25 goods, deprived Defendants and their experts to examine the products.

27       Fifth, the testimony and report of Plaintiffs' expert Elon A. Pollack
28 should be excluded. Mr. Pollack is an attorney practices in the area of Custom law

only, an irrelevant issue. Mr. Pollack's testimony is on the legal interpretation of Customs law, an invasion of the Court's function. Mr. Pollack has no experience of owning or working as a customs broker. Mr. Pollack never processed any customs entry application. Mr. Pollack's proposed opinion on whether a customs broker's act or omission will usurp jury's determination of ultimate issue, based on common sense. The presentation of Mr. Pollack's testimony will be prejudicial, waste of time and only serves to boot strap Plaintiffs' claim, from a customer broker's discharge of duty into trademark infringement.

Sixth, Plaintiffs are anticipated to introduce the deposition transcript of Wang. There are two problems with the transcript. First, there is no relevant question related to trademark infringement. Second, there was no interpreter and some of Wang's responses were based on misunderstanding of the questions.

(i) On contributory infringement, the identity of the Direct Infringer is a threshold issue before any evidence on alleged infringement should be presented. On the damage claim based on 19 U.S.C. § 1526, it is not applicable because the statute refers to the Title 15 sections which were repealed.

B.  Birfurcation of Issues (L.R. 16-4.3)::

Defendants request the Court to bifurcate the case and to determine the following threshold issues before jury selection:

(a) Whether Plaintiffs can identify the Direct Infringer; and/or
(b) Whether damages can be sought under 19 U.S.C. § 1526.

C.  Jury Trial (L.R. 16-4.4):

6

**Defendants' Memorandum of Fact and Law**

Defendants request jury trial, after the Court decides the two threshold issues in Section B herein above.

DATED: February 4, 2013

                                        LAW OFFICES OF SHUN C. CHEN

                                        /S/ Shun C. Chen

                                        By: Shun C. Chen
                                        Attorney for Defendants CELCO CUSTOMS SERVICE CO., and SHEN HUEI FENG WANG, aka CELINE WANG

7

**Defendants' Memorandum of Fact and Law**