SHUN C. CHEN - State Bar No. 152565
LAW OFFICES OF SHUN C. CHEN
4521 Campus Drive, #324
Irvine, California 92612-2621

Telephone: (949) 854-6671
Fax:       (949) 725-9801
E-Mail:    shunchen@att.net

Attorney for Defendants CELCO CUSTOMS SERVICE CO., and SHEN HUEI FENG WANG, aka CELINE WANG

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., et al.,<br><br>            Plaintiffs,<br><br>     vs.<br><br>CELCO CUSTOMS SERVICE CO., et al.,<br><br>            Defendants. | CASE NO.  CV11-10787 MMM (PJWx)<br><br>ANSWER TO SECOND AMENDED COMPLAINT<br><br>**JURY TRIAL DEMANDED**<br><br>TRIAL:<br>   Date:      March 26, 2013<br>   Time:      8:30 a.m.<br>   Courtroom: 780 Roybal |

1

**Answer to Second Amended Complaint**

Defendants CELCO CUSTOMS SERVICE CO., ("Celco"), and SHEN HUEI FENG WANG, aka CELINE WANG ("Wang," Celco and Wang are jointly referred to as "Defendants"), through their attorney, hereby answer the Second Amended Complaint, ("Complaint"), of Coach, Inc. and Coach Services, Inc. (jointly as "Coach'), after incorporating the Court's Order striking portions of the Complaint, issued on January 28, 2013, as follows:

1. Answering Paragraph 1, Defendants deny the allegations therein, in that this action is disguised as a trademark infringement action to cover up harassment to achieve ulterior purpose.

2. Defendants make no answer to paragraphs 2, 3, and 4, because they were stricken as allegations in support of conspiracy.

3. Answering Paragraph 5, Defendants cannot admit or deny the preparation of the delivery order, because it was not identified, and deny all the remaining allegations therein.

4. Answering Paragraph 6, Defendants deny all the allegations therein.

5. Defendants make no answer to paragraph 7, because it was stricken as allegations in support of conspiracy.

6. Answering Paragraphs 8, 9, 10, 11, 12, 13, 14, and 15, Defendants cannot admit or deny the allegations therein because it was an attempt to state the law, which is not applicable in this case, because the request for entry was requested by a freight forwarder and not by the importer.

7. Defendants make no answer to paragraphs 16, 17, 18, 19, and 20, because they were stricken as allegations in support of conspiracy.

8. Answering Paragraph 21, Defendants cannot admit or deny the allegations therein because it was an attempt to state the law, which is not applicable in this case, because the request for entry was requested by a freight forwarder and not the importer.

9. Answering Paragraph 22, Defendants deny the alleged article is relevant, because it was dated June 21, 2012, nearly 3 years after the incident alleged in the Complaint, which recognized the problem when the Customs broker lawfully obtained the request from a third party, but offered no solution, on page 5 therein.

10. Answering Paragraph 23, Defendants admit the POA specified the effective dates therein, which is customary, and deny all the remaining allegations.

11. Answering Paragraph 24, Defendants deny the allegations were relevant to this lawsuit, because it was an attempt to state the law, which is not applicable in this case, because the request for entry was requested by a freight forwarder and not the importer.

12. Answering Paragraph 25, Defendants admit the POA was provided by the freight forwarder, to Celco, and the freight forwarder requested the invoice be sent to it, and not to contact the shipper without permission from freight forwarder, and deny all remaining allegations.

13. Answering Paragraph 26, Defendants deny the allegations therein.

14. Answering Paragraph 27, Defendants make no answer because it was stricken as allegations in support of conspiracy.

15. Answering Paragraph 28, Defendants admit Celco filed the entry form as shown on Exhibit 3, in accordance with prevailing law and practice, based on data in the Customs data base, from a valid tax id provided by the freight forwarder, and deny all remaining allegations.

16. Answering Paragraph 29, Defendants deny the allegations therein.

17. Answering Paragraph 30, Defendants admit POA showed the name of Robert Laurance, and deny all remaining allegations.

18. Answering Paragraph 31, Defendants deny the allegations therein.

19. Defendants made no answer to Paragraphs 32, and 33, because they were stricken as allegations in support of conspiracy.

20. Answering Paragraphs 34, and 35, Defendants cannot admit or deny due to lack of information and belief. Nevertheless, Defendants consent to the Court's jurisdiction for practical purpose.

21. Answering Paragraphs 36, and 37, Defendants cannot admit or deny due to lack of information and belief.

22. Answering Paragraph 38, Defendants admit the allegations therein.

23. Answering Paragraph 39, Defendants admit Wang is a resident of California, has ownership in Celco and deny all the remaining allegation.

24. Answering Paragraphs 40, and 41, Defendants deny the allegations therein.

25. Answering Paragraphs 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, and 54, Defendants cannot admit or deny due to lack of information and belief.

26 Answering Paragraph 55, Defendants admit Celco is a customer broker and deny all remaining allegations therein.

27. Answering Paragraph 56, Defendants deny the allegations therein.

28. Answering Paragraphs 57, and 58, Defendants cannot admit or deny due to lack of information and belief.

29. Answering Paragraph 59, Defendants deny the allegations therein.

30. Answering Paragraph 60, Defendants admit a customs broker needs to have a POA to process entry application, and deny all remaining allegations therein.

31. Answering Paragraph 61, Defendants admit the allegations therein.

32. Answering Paragraph 62, Defendants cannot admit or deny the allegations because it is a legal opinion without citing the source.

33. Answering Paragraph 63, Defendants cannot admit ot deny whether the said Message was issued for lack of information, and deny all remaining allegations therein.

34. Answering Paragraph 64, Defendants admit there is a need to validate a

4

POA, however, the guideline was not published when the POA was provided to the customs broker by the freight forwarder, and deny the allegations apply to this case because the message, if genuine, applied only to the circumstance wherein the grantor was the customer of the customs broker, rather than of the freight forwarder.

35.    Answering Paragraph 65, Defendants deny the allegations apply to this case because the message, if genuine, applied only to the circumstance wherein the grantor was the customer of the customs broker, rather than of the freight forwarder, and the message was dated November 8, 2012, over three years after the incident in this case.

36.    Answering Paragraph 66, Defendants deny the allegations apply to this case because the letter was not published, and applied only to the circumstance wherein the grantor was the customer of the customs broker, rather than of the freight forwarder, and the letter was allegedly dated August 18, 2011, over nearly two years after the incident in this case.

37.    Answering Paragraph 67, Defendants admit there is a need to valid a POA, however, the guideline was not published when the POA was provided to the customs broker by the freight forwarder, and deny the allegations apply to this case because the letter was not published, applied only to the circumstance wherein the grantor was the customer of the customs broker, rather than of the freight forwarder.

38.    Answering Paragraph 68, Defendants admit there is a need to valid a POA, however, the guideline was not published when the POA was provided to the customs broker by the freight forwarder, in this case, and deny all the remaining allegations therein.

39.    Answering Paragraph 69, Defendants admit document speaks for itself and deny all the remaining allegations therein.

40.    Answering Paragraph 70, Defendants deny they had any knowledge of

the alleged falsity, deny Pierce Chemical Company and Pierce Biotechnologies, Inc. were not related, and deny the remaining the allegations for lack of information and belief.

41. Answering Paragraph 71, Defendants admit the POA and shipping documents were provided by Eastern Direct, to Celco, in the ordinary course of business and dealings, and deny all the remaining allegations therein.

42. Answering Paragraph 72, Defendants deny the allegations therein.

43. Answering Paragraph 73, Defendants admit there is a bonding requirement, which is irrelevant to this action, and deny all the remaining allegations therein.

44. Answering Paragraph 74, Defendants admit Celco properly verified the bonding requirement before submitting entry paper, and deny all the remaining allegations therein.

45. Answering Paragraph 75, Defendants deny the allegations therein.

46. Answering Paragraph 76, Defendants admit Celco searched Illinois Secretary of State's information, and deny all the remaining allegations.

47. Answering Paragraph 77, Defendants admit Celco properly verified the bonding requirement before submitting entry paper, and deny all the remaining allegations therein.

48. Answering Paragraph 78, Defendants admit the duration of POA, which was proper as a matter of course, and deny all the remaining allegations therein.

49. Answering Paragraph 79, Defendants object the allegations as irrelevant legal opinion and deny them thereon.

50. Defendants make no answer to Paragraph 80, because it was stricken as allegations in support of conspiracy.

51. Answering Paragraph 81, Defendants admit Celco properly filed entry paper as requested, and deny all the remaining allegations therein.

52. Answering Paragraph 82, Defendants admit the document speaks for itself and deny all the remaining allegations therein.

53. Defendants make no answer to Paragraph 83, 84, 85, and 86, because it was stricken as allegations in support of conspiracy.

54. Answering Paragraph 87, Defendants object the allegations as irrelevant and deny them thereon.

55. Answering Paragraph 88, Defendants object the allegations as irrelevant and deny them thereon.

56. Answering Paragraph 89, Defendants deny the allegations therein.

57. Answering Paragraph 90, Defendants deny Nike shoes were relevant, and deny all the remaining allegations therein.

58. Defendants make no answer to Paragraphs 91, 92, 93, and 94, because they were stricken as allegations in support of conspiracy.

59. Answering Paragraphs 95 and 96, Defendants deny the allegations therein.

60. Answering Paragraph 97, Defendants hereby incorporate the allegations in paragraphs 1 through 59, inclusive hereianabove.

61. Answering Paragraphs 98, 99, 100, and 101, Defendants deny the allegations therein.

62. Answering Paragraph 102, Defendants hereby incorporate the allegations in paragraphs 1 through 61, inclusive hereianabove.

63. Answering Paragraphs 103, 104, 105, and 106, Defendants deny the allegations therein.

64. Defendants made no answer to paragraphs 107, 108, 109, 110, and 111, because they were stricken.

65. Answering Paragraph 112, Defendants hereby incorporate the allegations in paragraphs 1 through 64, inclusive hereianabove.

66. Answering Paragraphs 113, 114, 115, and 116, Defendants deny the

allegations therein.

67. Defendants made no answer to paragraphs 117, 118, 119, 120, 121, 122, and 123, because they were stricken.

68. Responding to Prayer for Relief, Defendants deny Coach is entitled to any relief.

## AFFIRMATIVE DEFENSES

As separate and independent affirmative defenses to Coach's alleged claims for relief, Defendants allege the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

1. Coach fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

2. Coach's claims are barred to the extent those claims lack a basis in fact or law.

### THIRD AFFIRMATIVE DEFENSE

3. Coach's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

4. Coach's claims are barred and/or reduced by contributory negligence, mistake, or fraud.

### FIFTH AFFIRMATIVE DEFENSE

5. Coach's claims are barred by the doctrines of waiver and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

6. Coach's claims are barred to the extent Coach lacks standing.

### SEVENTH AFFIRMATIVE DEFENSE

7. Coach's claims are barred because they are moot, unripe, and/or nonjusticiable.

### EIGHTH AFFIRMATIVE DEFENSE

8      Coach's claims are barred or reduced because any injury to Coach was caused by the acts or omissions of third parties for whom Defendants are not legally responsible.

### NINTH AFFIRMATIVE DEFENSE

9.     Coach has failed to mitigate its alleged damages.

### TENTH AFFIRMATIVE DEFENSE

10.    Defendants are not the importer of record and therefore are not legally responsible for the supposedly infringing goods.

### ELEVENNTH AFFIRMATIVE DEFENSE

11.    Coach failed to join a necessary or indispensable party without whom this action cannot proceed.

### TWELFTH AFFIRMATIVE DEFENSE

12.    Coach's claims are or may be preempted by other applicable law.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.    Coach's claims are barred by any other matter constituting avoidance or affirmative defense on legal or equitable grounds. To the extent that Coach has failed to set forth its claims with sufficient particularity to permit Defendants to determine all applicable and available defenses, Defendants reserve their rights to amend an/or supplement this Answer with additional defenses when and if such information becomes available, or is ascertained.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.    Coach's claims are barred by the doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    Defendants are not liable for contributory infringement because they lack any direct control over the importation, distribution, infringement, copying, duplication offering for sale and/or sale of the alleged counterfeit goods.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Defendants are not liable for contributory infringement because they did not have knowledge, nor had any reason to know, that the alleged replica products were counterfeit goods, and were not wilfully blind to such activities.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Defendants deny any of their activities constituted infringement, and if the acts were deemed as infringement, they arose from Defendants' innocent conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Coach's claims are barred by the doctrine of exhaustion.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Coach's prayer for damages is barred on the grounds that such damages, if any, were not the result of acts, representations, or omissions by Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

20. Coach's prayer for treble damages, if any, is barred on the grounds Coach failed to allege or prove facts sufficient to show Defendants intentionally used Coach's marks knowing that such marks are counterfeit.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Coach's prayer for statutory damages, if any, is barred on the grounds Coach failed to allege or prove facts sufficient to show Defendants made willful use of Coach's marks.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Coach's action is barred as the duty of care which applies to a customs broker is set by statute and regulation, and subject to interpretation by the licensing agency, which is CBP. The statutory duty of care for a customs broker is set out at 19 U.S.C. §1641 as "reasonable supervision." The corresponding regulatory framework is set out at 19 C.F.R. Part 111. The reasonable care standard Coach

asserts throughout its complaint applies to importers only, whereas Defendant Celco is a customs broker and neither owns nor controls the goods in question.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. Coach is not entitled to any damage award under Claim 3 (Tariff Act) because the referenced statutory sections therein were repealed.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. Defendant Wang is not a licensed customs broker, and cannot be held liable for the act of Celco,

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. There is no nexus between Custom's seizure and Celco's submission of entry application, because the subject containers were marked for inspection before any entry form was filed.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. Celco was requested by the U.S. Customs not to take any further action pending investigation of the subject goods, and therefor Celco did not file a withdrawal of the entry form.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27. Defendants had no direct relationship with the importer. Rather, the importer was the customer of the freight forwarder and the freight forwarder requested Celco to submit an entry form. Under the circumstance, a customs broker cannot contact the importer directly without the permission of the freight forwarder, which was not given, and any attempt by customers broker with the importer may commit the tort of interference with contractual relationship.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28. Defendants contend the conduct in submission of the entry form had no nexus with the third party's alleged attempt of import of disputed goods. However, if Celco's conduct became an issue, the Customs did not publish any guideline when the entry request was made by the freight forwarder and not by the

importer.

DATED: February 18, 2013

                              LAW OFFICES OF SHUN C. CHEN

                              /S/ Shun C. Chen

                              By: Shun C. Chen
                              Attorney for Defendants CELCO CUSTOMS SERVICE CO., and SHEN HUEI FENG WANG, aka CELINE WANG

## DEMAND FOR JURY TRIAL

CELCO CUSTOMS SERVICE CO., ("Celco"), and SHEN HUEI FENG WANG, aka CELINE WANG hereby demand trial by jury in this action.

DATED: February 18, 2013

                                              LAW OFFICES OF SHUN C. CHEN

                                              /S/ Shun C. Chen

                                              By: Shun C. Chen
                                              Attorney for Defendants CELCO CUSTOMS SERVICE CO., and SHEN HUEI FENG WANG, aka CELINE WANG

**Answer to Second Amended Complaint**